**STATE of Missouri, Plaintiff–Appellant,**

v.

**Robert W. SCHMIDT, Defendant–
Respondent.**

No. 63306.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 7, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

No appearance by defendant-respondent.

CRANDALL, Presiding Judge.

The State of Missouri appeals the trial court's dismissal with prejudice of a criminal information against defendant, Robert William Schmidt. We affirm.

Defendant, Robert William Schmidt, was charged by information, on September 30, 1991, with tampering in the first degree and escape from custody. On March 9, 1992, while in the custody of the Missouri Department of Corrections on an unrelated conviction, defendant filed a 180 day request for a speedy disposition pursuant to the Uniform Mandatory Disposition of Detainers § 217.-450 *et seq.*, RSMo 1986. It is agreed that the request was proper and became effective March 16, 1992, the date of its receipt by both the prosecutor and circuit court.

On June 22, 1992, defendant was relinquished from the control of the Missouri Department of Corrections to the custody of the State of Illinois based on its detainer to face charges pending in Illinois. On December 22, 1992, defendant was released on parole from the Shawnee Correctional Facility in Illinois.

On July 23, 1992, a new warrant was issued for defendant's arrest for the September 30, 1991, charges of tampering in the first degree and escape from custody. On January 6, 1993, defendant filed a motion to dismiss the above charges because the 180 day time limit on his March 9, 1992, request for speedy disposition had expired. The trial court granted defendant's motion and dismissed the information with prejudice based on the State's failure to proceed to trial within 180 days of defendant's request for a speedy trial pursuant to § 217.450.

Sections 217.450 and 217.460 provide a statutory process where any person confined in a correctional facility can request a final disposition of any untried indictment, information, or complaint pending in the state while he is imprisoned. § 217.460, provides:

"Within one hundred eighty days after the receipt of the request and certificate ... the complaint, information ... shall be brought to trial ... If the ... information is not brought to trial within the period, no court of this state shall have jurisdiction ... nor shall the untried ... information be of any force or effect; and the court shall issue an order dismissing the same with prejudice."

Thus the plain language of the statute would mandate the dismissal of the information unless the 180 day period is tolled.

On appeal the State argues that the removal of defendant to Illinois from the Missouri Department of Corrections tolled the statutory 180 day time period. The State contends that the time period was tolled while defendant was in the custody of the Illinois Department of Corrections; because Missouri could not be expected to bring the defendant to trial in Missouri while he was serving a sentence in Illinois.

The State's contention is only correct when the court having jurisdiction over the matter determines that the prisoner is "unable to stand trial." § 217.490 Art. VI(1). In this case, there are no facts indicating that defendant was unable to stand trial. Missouri knew that defendant was in the custody of the Illinois Department of Corrections. Missouri had procedures available to obtain temporary custody of the defendant for trial. § 217.490 Art. V(1). Finally, there is no indication that Illinois refused to release defendant to the temporary custody of Missouri

for trial. *See, e.g., State ex rel. Tryon v. Mason,* 679 S.W.2d 268 (Mo.Banc 1984), *cert. denied,* 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985); *State ex rel. Taylor v. McFarland,* 675 S.W.2d 868 (Mo.App.1984). Based on the record in this case, the 180 day period following defendant's request was not tolled. Therefore, the trial court did not err in dismissing the information with prejudice.

The judgement of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.