STATE of Missouri, Plaintiff–
Respondent,

v.

Dennis LARAMORE, Defendant–
Appellant.

No. 70852.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1998.

---

Rosalynn Koch, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOFF, Judge.

Dennis Laramore (Defendant) appeals the judgment entered on his conviction by a jury of second degree burglary, section 569.170 RSMo 1986, and stealing, section 570.030 RSMo 1986. The court found Defendant was a prior and persistent offender, section 558.016 RSMo Cum.Supp.1993, and sentenced him to consecutive terms of ten years and five years, respectively.

On November 18, 1997, this Court filed an opinion reversing and remanding with instructions to the trial court to dismiss the charges with prejudice and discharge Defendant. This case was transferred in a dissenting opinion by Honorable Robert G. Dowd, Jr. to the Missouri Supreme Court pursuant to Rule 83.01. Judge Dowd dissented due to a conflict between the court of appeals districts as to whether section 217.450 RSMo

1994[1] required a detainer to be filed in order to invoke the protections of the UMDDL. On December 23, 1997, Defendant's motion to retransfer to the Court of Appeals or, in the alternative, for appointment of a special master was treated by the Missouri Supreme Court as a motion for leave to file a supplemental legal file and was sustained. The supplemental legal file included a copy of the detainer lodged against defendant in this case. On February 19, 1998, the Missouri Supreme Court retransferred the case to this Court.

In his first point on appeal, Defendant contends the trial court erred in denying his motion to dismiss. Defendant argues the trial court lacked jurisdiction to try him because the State of Missouri (State) failed to bring him to trial within 180 days as required by section 217.460. Because this point is dispositive, we will not address the other points Defendant raises on appeal.

When applicable, the UMDDL requires the trial court to dismiss with prejudice any pending indictment, information or complaint not brought to trial within 180 days. Section 217.460. Certain procedural requirements must, however, be satisfied before the UMDDL's time limitation applies. Section 217.450.1 of the UMDDL states:

1. Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

State argues section 217.450.1 requires the filing of a detainer and because Defendant did not present any evidence that State filed a detainer against him, he is not entitled to the protections under the UMDDL. However, because the Missouri Supreme Court permitted the filing of a copy of the detainer lodged against Defendant in this case, State's

argument here is no longer relevant and will not be discussed further.

To ascertain whether Defendant invoked his rights under the UMDDL, we must look to the available record. The record reveals the following. Defendant was charged with second degree burglary and stealing by a complaint filed on April 12, 1994 in the Associate Division of the Circuit Court of Gasconade County, Missouri. Defendant's trial began on April 26, 1996.

According to the supplemental legal file, the detainer was lodged against Defendant on August 26, 1994. Defendant filed a Request for Disposition of Indictments, Informations or Complaints (Request) on October 26, 1994. The Request stated Defendant was confined at the Algoa Correctional Center. Defendant addressed his Request to the Associate Division of the Circuit Court of Gasconade County, the court in which his complaint was then pending, and to Mr. John Berkemeyer, the prosecuting attorney charged with the duty of prosecuting the complaint. Therefore, Defendant's Request fully complied with all of the requirements of section 217.450.1 of the UMDDL.

Section 217.455 of the UMDDL states that the Request required by section 217.450 shall be delivered to the director of the division of adult institutions (director) who shall:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

Because this provision requires the director to certify and send the Request, it is clear that once the offender delivers a Request to the director, the burden of compliance with

---

1. This section is part of the Uniform Mandatory Disposition of Detainers Law (UMDDL), sections 217.450–217.485 RSMo 1994. All references to the UMDDL are to RSMo 1994.

this section is on the director, not the offender. *See State v. Walton,* 734 S.W.2d 502, 503 (Mo. banc 1987).

█ In this case, the copy of the Request available in the record contains the information required by section 217.455. Therefore, it is clear the director received Defendant's Request. Furthermore, the Request and certification (Certificate) in the record before us indicates that the trial court received the Certificate at least by October 26, 1994, the file-stamped date on top of the Certificate. Typing along the bottom of the Certificate provides that the white copy of the Certificate is distributed to the prosecuting attorney. While we are unable to discern the color of the copy in the record before us, it is clear that the director completed the certification of Defendant's Request and sent the completed Certificate to the court. It is reasonable to assume that if the director complied with this portion of the statute by mailing this Certificate to the court, then he also mailed the proper copy of the Certificate to the prosecuting attorney to whom the Request was addressed. Furthermore, nothing in the record indicates that the prosecuting attorney did not receive Defendant's Certificate. Accordingly, the record establishes compliance with the requirements of section 217.455.

> Section 217.460 of the UMDDL provides: Within one hundred eighty days after receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the ... complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the ... complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such ... complaint, nor shall the untried ... complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Based on the record before this Court, Defendant's Certificate was received by the trial court and the prosecuting attorney on October 26, 1994. October 26, 1994 triggers the statutory period and requires State to bring Defendant to trial within 180 days. The plain language of the UMDDL mandates the dismissal of a complaint not brought to trial within 180 days unless the 180 day period is tolled. *State v. Schmidt,* 860 S.W.2d 396, 397 (Mo.App. E.D.1993).

█ The burden of proving that the 180 day limitations period under the UMDDL should be extended is on the state. *State of Missouri ex rel. Vance Roy Clark v. Honorable Douglas E. Long,* 870 S.W.2d 932, 940 (Mo.App. S.D.1994). There are several means by which this period may be tolled. *State v. Walker,* 795 S.W.2d 628, 629 (Mo. App. E.D.1990). First, "for good cause shown in open court, the [offender] or his counsel being present," the trial court may grant "additional necessary or reasonable time." *Id.* A delay resulting from a crowded docket is not considered "good cause" for extension of the 180 day period under the UMDDL. *State v. Galvan,* 795 S.W.2d 113, 119 (Mo.App. S.D.1990). Second, "the parties may stipulate for a continuance." *Id.* at 629. Third, "a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard." *Id.* This third way of tolling the statutory period has two requirements. *Id.* at 630. First, defendant's attorney must be given notice of the request for continuance. *Id.* Second, defendant's attorney must be given an opportunity to be heard on the request before the court rules on it, as defendant is entitled to an opportunity to oppose the state's request. *Id.* Additionally, any delay of a defendant's trial resulting from the defendant's affirmative action is excludable from the 180 day period. *Galvan,* 795 S.W.2d at 118.

█ We must review the course of proceedings before the trial court to ascertain whether Defendant was timely tried. Here, according to the trial court's docket sheets, the 218 day period from October 26, 1994 until June 1, 1995 is attributable to State, not Defendant, unless this period was properly

tolled. As noted earlier, the date of the filing of the original Request, October 26, 1994, was the trigger date to begin the running of the statutory limitations period. On November 9, 1994, the docket sheet entry reads, "State appears. Public Defender appears. Cause continued to N[o]vember 30, 1994, 10 A.M. for resetting preliminary hearing." The entry on November 30, 1994 reflects the court set a preliminary hearing on the matter for January 11, 1995, at 1:30 p.m. These delays appear to be by the court rather than by Defendant and therefore, will be attributed to State.

■ On January 11, 1995, the trial court found "the offense charged has been committed and ... there is probable cause to believe defendant guilty as charged and defendant is ordered held on said charge for further proceedings in the Circuit Court of Gasconade County, Missouri, on January 17, 1995, 9:00 A.M. ...." On January 17, 1995, formal arraignment was waived, Defendant entered a plea of not guilty, and the case was set for jury trial on March 8, 1995 at 8:00 a.m. This period, from January 11, 1995 until March 8, 1995, was a result of the court's actions, not those of Defendant, and is therefore, attributable to State.

■ On March 8, 1995, the docket sheet makes no reference to the trial that had been scheduled to take place, but states that a writ of habeas corpus ad prosequendum was issued and filed on that day. This court deciphers the handwritten docket entry on March 20, 1995 as stating, "Set # 1 to jury June 1, 1995 at 0800. Time from 1–17–95 charged to D since the delay was caused by personal deal."[2]

In the present case, this Court is not clear as to what is meant by the trial court's reference to "personal deal" in the record.

This may be an indication of discussions regarding a plea bargain; but given the lack of specific information in the record, this Court can not determine whether such plea bargaining could justify State's failure to bring the case to trial within the statutory period.

In *Clark*, the court did not consider the preliminary discussions that took place between the defendant and the state as discussions "which could have led the state to presume that there was a reasonable chance the case could be concluded short of trial." *Clark*, 870 S.W.2d at 940. The court concluded that such discussions were not "the type of plea bargaining which could provide a reasonable excuse for failing to bring the case to trial." *Id.*

Furthermore, the record does not indicate that the trial court's notation of "personal deal" on the docket sheet complies with the part of section 217.460 of the UMDDL, permitting an extension of the 180 statutory period "for good cause shown in open court," in the presence of the offender or his counsel. Nor does the record reveal any stipulation for a continuance by the parties or that Defendant's counsel was given any prior notice of or an opportunity to be heard on the continuance. Therefore, this delay, from March 8, 1995 until June 1, 1995, is attributable to State.

Since there does not appear to be any evidence in the record of "good cause shown in open court, the [offender] or his counsel being present" for any of the above delays dating from October 26, 1994 until June 1, 1995, the total number of days attributed to State for this period is 218 days.[3]

On June 1, 1995, Defendant again asserted his rights under section 217.460 of the UMDDL by filing a motion to dismiss. Both the trial court and the prosecuting attorney

---

2. In the Legal File, there is a typed chronological list of events the prosecutor prepared as part of his answer to Defendant's motion to dismiss. This list describes the entry on March 20, 1995 of the docket sheet as "personal deal." In the transcript, however, the prosecutor indicates that this phrase may be deciphered as "presumed deal." Whether it reads "presumed deal" or "personal deal" makes no difference in this Court's assessment of the time attributed to State under the UMDDL.

3. Defendant was not brought to trial until April 29, 1996. While many more days of delay in Defendant's trial may also be attributed to State, the statute only requires a delay of over 180 days for a dismissal of untried complaints. Section 217.460 of the UMDDL. Due to this Court's finding that State was already in violation of this statutory period by June 1, 1995, we will not evaluate any of State's delays after this date.

received this motion. The record does not reflect a trial court ruling on this motion. On December 21, 1995, upon request for reconsideration of Defendant's motion to dismiss under section 217.460, the trial court denied the motion and stated, "[a]ll time from 3/8/95 (1st trial setting) is properly charged to Def[endant]...." The trial court did not articulate any reasons for attributing the delay from March 8, 1995 to December 21, 1995 to Defendant. It is not clear from the docket sheet or the entire record before us that this time ought to be charged to Defendant. Therefore, this Court finds State did not properly toll the statutory period under section 217.460 of the UMDDL and attributes this delay to State.

After considering the relevant exceptions to the 180 day period and reviewing the record before us, this Court finds Defendant was not brought to trial within the statutory period. Because the complaint against Defendant was not brought to trial within the 180 day period, "no court of this state shall have jurisdiction of such ... complaint, nor shall the untried ... complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." Section 217.460 of the UMDDL.

We reverse and remand with instructions to the trial court to dismiss the charges with prejudice and discharge Defendant.

ROBERT G. DOWD, Jr., P.J., and SIMON, J., concur.