**STATE of Missouri, Respondent,**

v.

**Charles E. WILLIAMS, Appellant.**

**No. WD 61937.**

Missouri Court of Appeals, Western District.

Nov. 25, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

Rosalynn Koch, Assistant Public Defender, Columbia, MO, for Appellant.

Before BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Charles E. Williams appeals from the trial court's denial of his motion to dismiss for lack of jurisdiction. Williams argues the trial court was without jurisdiction on July 29, 2002, to proceed in a bench trial on the charge of possession of a controlled substance in or about the premises of a correction center lodged against him, because more than 180 non-excludable days had passed from his mandatory disposition of detainers request. Williams further alleges that the State's delay in bringing him to trial violated his Sixth Amendment right to a speedy trial. We affirm.

### Background

On March 29, 2000, Dennis Allen, an employee at the Moberly Correctional Center, witnessed Williams and another inmate engage in an exchange. When Allen approached the inmates, Williams turned away from him and appeared to put something in his mouth. After searching Williams' mouth, however, Allen found nothing. Subsequently, Allen and Corrections Officer Randall Watts conducted a strip search of Williams and the other inmate. During the search, Officer Watts found a bag containing a green leafy substance in Williams' sock. The Moberly Correctional Center and the Missouri

Highway Patrol determined the substance was marijuana.

The following is a timeline of events relevant to the appeal:

| Date | Event |
|------|-------|
| 12/12/01 | Criminal complaint filed against Williams. |
| 12/20/01 | Records Officer with the Crossroads Correctional Facility in Cameron, Missouri, writes letter to notify the Randolph County Sheriff's Department that the prison would place a detainer on Williams. |
| 1/14/02 | Copy of Williams' Motion for Speedy Trial and Final Disposition of Detainers is filed with the Randolph County Circuit Court. |
| 1/15/02 | Williams refuses to fill out an application for Public Defender services. Court sets case for preliminary hearing on March 18, 2002. |
| 1/16/02 | Williams appears in court, is arraigned, and sent to the Public Defender. |
| 3/18/02 | Preliminary hearing held; Williams bound over on Count II only. |
| 3/19/02 | Criminal Information filed. |
| 3/26/02 | Williams enters Plea of Not Guilty. |
| 4/01/02 | Williams files Motion for Change of Venue. |
| 4/09/02 | Motion for Change of Venue heard with Williams, his counsel, and the assistant prosecutor present. Court grants change of venue to Howard County. Jury trial ordered for July 29, 2002.[1] |
| 4/11/02 | Change of Venue received by Howard County. |
| 7/12/02 | Williams waives his right to jury trial. Judge questions Williams in the presence of his attorney regarding Williams' waiver. Judge reminds Williams of the bench trial scheduled for July 29, 2002.[2] |
| 7/29/02 | Motion to dismiss for lack of jurisdiction heard and overruled; bench trial held. |
| 9/16/02 | Williams sentenced to a term of two years' imprisonment. |

On July 29, 2002, the date of Williams' bench trial, his attorney made a motion to dismiss for lack of jurisdiction. Defense counsel announced that he had "discovered that [Williams] filed a speedy trial request on January 14th, 2002." In response, the State said it did not have anything to indicate that it had received a request for a final disposition of detainers from Williams. Defense counsel replied that he knew the applicable statute required notice to be sent to the prosecutor and that Williams "maintains that he sent it." Williams presented no evidence, however, to demonstrate that he sent notice to the prosecutor or that the prosecutor had notice of the 180-day request.

The court noted that a copy of Williams' request for a speedy trial and disposition of detainers had been filed with the court on January 14, 2002. The court remarked on Williams' refusal to complete a public defender application on January 15, 2002. The court determined that the delay caused by Williams' refusal to sign the public defender form and his motion for a change of venue were to be charged against Williams. After charging the delays against Williams, the court stated, "And therefore, with that being said, the 180 days hasn't run, with that time charged to him." The court denied Williams' motion to dismiss for lack of jurisdiction and proceeded with the bench trial.

Williams presented no witnesses or evidence. The court found him guilty of possession of a controlled substance in or about the premises of a correction center.

1. Docket sheet indicates Williams and his attorney were present at the change of venue motion hearing and that neither objected to the setting of July 29, 2002, for the jury trial.

2. Record indicates that neither Williams nor his attorney objected to the July 29th setting for the bench trial after the judge reminded Williams of the date of the "hearing."

On September 16, 2002, the court sentenced Williams to a term of two years' imprisonment, to be served consecutive to any term that Williams was serving at the time. This appeal followed. The sufficiency of the evidence is not at issue.

### Argument

Williams argues the trial court erred in overruling his motion to dismiss for lack of jurisdiction. He alleges that the court was without jurisdiction to proceed in his bench trial because, at the time of trial, more than 180 non-excludable days had passed from the filing of his mandatory disposition of detainers request. Williams further alleges that the State's delay in bringing him to trial violated his Sixth Amendment right to a speedy trial.

■ Pursuant to section 217.450,[3] a prisoner may request final disposition of any untried indictment, information, or complaint pending against him in the state. *Woody v. State*, 904 S.W.2d 467, 469 (Mo. App. E.D.1995). Section 217.450.1 provides, "The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment." The prisoner is to deliver the request described in section 217.450.1 to the Director of the Division of Adult Institutions (the "Director"). The Director, under section 217.455, must make specific certifications and send copies of the request and certificate by registered or certified mail to the court and the prosecuting attorney to whom the prisoner addressed the request. *Woody*, 904 S.W.2d at 469. If the prisoner properly invokes the Uniform Mandatory Disposition of Detainers Law ("UMDDL"), §§ 217.450–.485, he must be brought to trial within 180 days after receipt of the request and certificate pursuant to section 217.450 and section 217.455 by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant. § 217.460. If the prisoner is not brought to trial within the 180–day period, no court shall have jurisdiction to hear the case and shall issue an order dismissing the same with prejudice. § 217.460.

■ The 180–day period of section 217.460 does not begin to run until both the prosecutor and the court receive the defendant's request for disposition and the Director's certificate. *Meyer v. State*, 854 S.W.2d 69, 71 (Mo.App. E.D.1993). The burden of proving if and when the prosecuting attorney received the defendant's request for disposition is on the defendant. *Woody*, 904 S.W.2d at 470. Williams offered no proof that he ever sent a request to the prosecutor or that the prosecutor received such a request. He merely maintained that he did send the request to the prosecutor. The certificate attached to the court's copy of the request certifies that Williams mailed the request to the court on January 10, 2002, but there is no mention of the prosecuting attorney. The prosecutor told the judge that the State had no record of receiving such a request from Williams.

In *State v. Laramore*, 965 S.W.2d 847 (Mo.App. E.D.1998), the court addressed the defendant's compliance with the certification requirements of section 217.455. In that case, the copy of the request for disposition available in the record contained the information required by section 217.455. The court, therefore, found that the Director had received the defendant's request. *Id.* at 850. The record demonstrated that the trial court received the

---

**3.** Unless otherwise indicated, all statutory references are to RSMo 2000.

request and certificate. The copy of the certificate filed with the court contained a typed message along the bottom providing that the white copy of the certificate was to be distributed to the prosecuting attorney. *Id.* Because the record demonstrated that the Director completed the certificate of the defendant's request and sent the completed request to the court, the court found it was reasonable to assume that the Director also mailed the proper copy of the certificate to the prosecuting attorney. *Id.* The court noted that nothing in the record indicated that the prosecuting attorney did not receive the defendant's certificate. *Id.*

We can distinguish *Laramore* on its facts. In *Laramore*, the copy of the section 217.455 certification received by the court contained a statement concerning the delivery of the certificate to the prosecuting attorney. Furthermore, nothing in the record indicated that the prosecuting attorney had not received the certificate. In the present case, we have no such indicia of delivery of the request to the prosecutor. And the record reflects that the State said it never received Williams' request for disposition.[4]

▮▮▮▮ In order to receive the benefit and protection of the UMDDL, a defendant must show a good faith effort to invoke the UMDDL and must substantially comply with its procedural requirements. *Dillard v. State*, 931 S.W.2d 157, 164 (Mo.App. W.D.1996). A fundamental procedural requirement of section 217.450.1 is a written demand for disposition addressed to the court *and the prosecuting attorney. Id.* at 164–65 (emphasis added). Williams is not entitled to the protection of the UMDDL because he did not demonstrate that he substantially complied with its procedural requirements.

He offered no proof that he addressed his request to the prosecuting attorney or that the prosecutor received the request. The State has no record of ever receiving the request. The trial court, therefore, did not err in denying Williams' motion to dismiss for lack of jurisdiction.

▮▮▮▮ Williams claims that the State's delay in bringing him to trial violated his Sixth Amendment rights. We analyze four factors to determine if a defendant has been deprived of his constitutional right to a speedy trial. *State v. Raine*, 829 S.W.2d 506, 512 (Mo.App. W.D.1992). First, we look at the length of delay between the time the defendant became an "accused" and his trial. *Id.* The right to a speedy trial attaches, and the defendant becomes an "accused," with the filing of either a formal indictment or information against the defendant or his arrest. *Dillard*, 931 S.W.2d at 161. The right to a speedy trial does not apply to pending complaints that represent only the possibility that a criminal indictment or information will be filed. *Id.* A mere complaint places no actual restraints on a defendant, nor does its filing require him to begin to protect his interests. *Id.* The filing of a criminal complaint does not make a defendant an "accused." *Id.*

Williams was not "arrested" on the current possession charge, because he was already in prison. The State filed a criminal complaint against Williams on December 12, 2001. The formal criminal information was filed on March 19, 2002. Williams did not become an "accused" until the information was filed. Williams' bench trial took place on July 29, 2002.

▮▮▮▮ The length of delay between the time a defendant became an "accused" and the time of trial is to some extent a

---

4. Compliance with the procedural requirements of section 217.450.1 was not at issue in *Laramore.* The record reflected that the defendant addressed his request for disposition to the proper court and prosecutor, thereby fully complying with section 217.450.1.

triggering mechanism. *Id.* at 162. Until there is some delay that is presumptively prejudicial, we need not inquire into the other three factors used to determine if the defendant has been deprived of his right to a speedy trial. *Id.* If there is no presumptively prejudicial delay, we do not proceed to the other three factors. Missouri courts have held that a delay of less than six months is not presumptively prejudicial. *Id.* A delay of over eight months is usually considered presumptively prejudicial, at least in cases not involving unusually complex issues. *Id.*

Less than six months passed from the time of the filing of the criminal complaint against Williams and his trial. This delay is not presumptively prejudicial; therefore, we need not analyze the three remaining factors. Although we are not obligated to do so, we will briefly discuss the other factors.

■■■ If a delay is found to be presumptively prejudicial, we inquire into: the reason for the delay; the accused's assertion of the right to a speedy trial; and the prejudice to the accused caused by the delay. *Dillard,* 931 S.W.2d at 162. The final factor is the most important in determining whether a delay has violated a defendant's Sixth Amendment rights. *Id.* The reason for the delay in Williams' case was a combination of his request for a change of venue and overcrowding of the court's docket. Delays attributable to an overcrowded court docket weigh against the State, but not heavily. *Raine,* 829 S.W.2d at 512. The second factor, therefore, weighs against the State in this case, although not heavily. Williams formally asserted his right to speedy trial, so the third factor weighs in his favor.

■■■ We have three concerns when addressing the fourth and final factor, the possible prejudice to defendant resulting from the delay: oppressiveness of pretrial incarceration; the heightened anxiety and concern of the accused; and the possible impairment of the defense. *Id.* at 513. Prejudice to the defendant must be actual, not speculative, and apparent or at least reasonably inferable from the record. *Id.* Williams was already incarcerated on an unrelated incident at the time of the possession charge, so oppressiveness of pretrial incarceration is not an issue. He would have been incarcerated anyway. Williams makes no allegation that the delay caused him any heightened anxiety or concern. Most importantly, Williams has not demonstrated that the delay impaired his defense. He suffered from no loss of evidence or unavailability of witnesses. The fourth factor, the most important, weighs in the State's favor.

The delay of four and one-half months between the filing of the information against Williams and his trial did not violate his Sixth Amendment rights. The delay was not presumptively prejudicial. Even if the delay were considered presumptively prejudicial, an analysis of the other three factors reveals that the delay did not impair Williams' right to a speedy trial.

### Conclusion

Williams did not substantially comply with the procedural requirements of section 217.450.1; therefore, he did not invoke the protection and rights of the UMDDL. The 180–day time limit never began to run. The trial court did not err in denying Williams' motion to dismiss for lack of jurisdiction. Furthermore, the pretrial delay did not violate Williams' Sixth Amendment rights. The conviction and sentence are affirmed.

BRECKENRIDGE, P.J., and SMITH, J., concur.