**Lloyd E. TABOR III, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 26143.**

Missouri Court of Appeals, Southern District, Division Two.

March 24, 2005.

Motion for Rehearing and Transfer to Supreme Court Denied April 12, 2005.

Application for Transfer Denied May 31, 2005.

Ruth B. Sanders, Asst. Appellate Defender, Office of the Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lacey R. Searfoss, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Lloyd Tabor ("Movant") appeals from an order overruling his Rule 24.035 motion after an evidentiary hearing.[1] His amended motion sought to vacate the judgment and sentence in two criminal cases filed against him. The motion asserted that the trial court lost jurisdiction to accept Movant's guilty pleas because of the protections afforded Movant by the Uniform Mandatory Disposition of Detainers Law (UMDDL), §§ 217.450–217.485.[2] After conducting an evidentiary hearing, the trial court denied relief on the ground that Movant was not entitled to invoke the benefits of the UMDDL because he failed to substantially comply with the statutory requirements concerning the notice that must be given to the prosecuting attorney. We affirm.

## I. Statement of Facts and Procedural History

In July and August, 2000, the prosecuting attorney of Laclede County, Missouri, filed two felony complaints against Movant. At the time these complaints were filed, Jon Morris ("Morris") was the prosecuting attorney in Laclede County. The

---

1. All references to rules are to the Missouri Court Rules (2004).

2. All references to statutes are to RSMo (2000).

first complaint, which was filed on July 12 and assigned case no. CR300–896FX ("case 896"), alleged that Movant committed the class D felony of escaping from confinement in violation of § 575.210. The second complaint, which was filed on August 24 and assigned case no. CR300–1150FX ("case 1150"), alleged that Movant committed the class C felony of receiving stolen property in violation of § 570.080. After warrants were issued in each case, Movant was arrested and taken to the Laclede County jail.

Public defender Neal Frazier ("Frazier") was assigned to represent Movant in case 896 and case 1150. On September 18, 2000, Movant was still in the Laclede County jail. Hearings were scheduled in case 896 and 1150 that day. Prior to the hearings, Frazier met with Movant at the jail. During the meeting, Frazier said he intended to file a motion to have a special prosecutor appointed in both cases because of a potential conflict of interest. Although Movant did not get to attend the hearings, he was represented at each one by Frazier. On September 21, 2000, the Laclede County prosecutor filed a motion in case 896 and case 1150 requesting the appointment of a special prosecutor. On October 4, 2000, an order was entered in each case appointing Brian Keedy ("Keedy") as special prosecutor.

Sometime after September 18, 2000, Movant was taken from the Laclede County jail to the Fulton Reception and Diagnostic Center. He was then transferred to the Algoa Correctional Center for incarceration on another conviction. Movant arrived at Algoa in early October 2000.

On October 12, 2000, Movant learned that detainers had been placed on him by the Laclede County Sheriff's Department in case 896 and case 1150. On that date, a caseworker at Algoa gave Movant two forms entitled "Inmate's Request for Dis-

position of Indictments, Informations or Complaints (Missouri Only)." The first form referenced the detainer in case 896, among others. The second form referenced the detainer in case 1150. The caseworker had already filled out each form. Both contained the required director's certificate and both were addressed to "Jon Morris, Prosecuting Attorney." Movant read and signed each form, even though he knew a special prosecutor was going to be appointed in case 896 and case 1150 and the appointment might already have occurred. Movant did not tell the caseworker this information or make any effort to find out whether a special prosecutor had been appointed. Movant simply assumed, incorrectly, that the appointment had not yet occurred. After Movant signed the forms, the caseworker mailed copies to prosecuting attorney Morris and the Laclede County Circuit Court.

Movant's separate requests for disposition of the detainers in case 896 and case 1150 were received by the circuit clerk and filed on October 17, 2000. On November 2, 2000, the circuit clerk sent a copy of the docket sheets in case 896 and case 1150 to special prosecutor Keedy. Each docket sheet had an entry dated October 17, 2000 that stated, "Inmate's request for disposition of indictments, informations or complaints filed." Special prosecutor Keedy received only the docket sheets; he was not sent a copy of either request for disposition of detainer form on file with the circuit clerk.

On May 11, 2001, Frazier filed separate motions to dismiss case 896 and case 1150 for lack of jurisdiction because Movant had not been brought to trial within 180 days of the date his requests for disposition of the detainers were filed with the court. Both motions were taken up simultaneously at an evidentiary hearing held on May 21, 2001. The only witness at the hearing

was the circuit clerk. She testified that special prosecutor Keedy received copies of the docket sheets in case 896 and case 1150, but he was not sent the actual detainer forms on file with the court. Frazier argued that the copies of the docket sheets sent to Keedy were sufficient notice to start the 180–day time period running. Keedy argued against dismissal. Although he was not called as a witness, he did state to the court that the circuit clerk did not send him a copy of either one of Movant's detainer forms. According to Keedy, the first time he became aware that Movant had filed the detainers was on December 5, 2000. The trial court overruled both motions to dismiss.

On May 22, 2001, Movant entered pleas of guilty in case 896 and case 1150. On that same day, the court entered judgment and sentenced Movant to consecutive terms of four years in prison in case 896 and seven years in prison in case 1150.

On June 18, 2001, Movant filed a *pro se* Rule 24.035 motion to vacate, set aside or correct the judgment and sentence in case 896 and case 1150. Counsel was appointed, an amended motion was filed, and an evidentiary hearing was held. At the hearing, the motion court judge, who earlier had ruled on the motions to dismiss, agreed to take judicial notice of the criminal files in case 896 and case 1150. The motion court also heard testimony from Movant. In due course, the court entered an order overruling Movant's Rule 24.035 motion. The order included the findings of fact and conclusions of law required by Rule 24.035(j). The motion court concluded that: (1) a written demand for disposition addressed to the prosecuting attorney is a fundamental procedural requirement; and (2) Movant did not demonstrate substantial compliance with the UMDDL because special prosecutor Keedy did not receive copies of Movant's request for dis-

position of detainer forms from the circuit clerk. This appeal followed.

## II. Standard of Review

 Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Smith v. State,* 141 S.W.3d 108, 110–11 (Mo.App. 2004). We presume the motion court's findings and conclusions are correct. *Gray v. State,* 108 S.W.3d 86, 88 (Mo.App. 2003). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Morehead v. State,* 145 S.W.3d 922, 927 (Mo.App.2004). Movant bore the burden of proving his claim for post-conviction relief by a preponderance of the evidence. Rule 24.035(i); *Felton v. State,* 103 S.W.3d 367, 371 (Mo.App.2003).

We also note that a Rule 24.035 motion is a proper procedural vehicle to challenge the trial court's jurisdiction to accept Movant's voluntary guilty pleas. *See* Rule 24.035(a); *Carson v. State,* 997 S.W.2d 92, 99 (Mo.App.1999); *Jamison v. State,* 918 S.W.2d 889, 891 (Mo.App.1996) (a claim that the court imposing the sentence lacked subject matter jurisdiction to do so may be raised in a direct appeal or, alternatively, in a Rule 24.035 motion for post-conviction relief).

## III. Discussion and Decision

 In Movant's sole point relied on, he contends the trial court clearly erred when it decided that it did have jurisdiction to accept Movant's guilty pleas in case 896 and case 1150. Movant argues the trial court lost jurisdiction because: (1) Movant made a good faith effort to invoke the protections of the UMDDL; (2) he substantially complied with its procedural requirements; and (3) he was not brought to

trial within 180 days after November 2, 2000, which is when Movant claims the circuit court and special prosecutor had "actual notice" of Movant's request for disposition of the detainers in case 896 and case 1150.

To decide the issue raised by Movant's appeal, we must interpret the provisions of the UMDDL. In *State ex rel. Clark v. Long,* 870 S.W.2d 932 (Mo.App.1994), we summarized the rules of statutory construction which we find applicable here:

> In interpreting a statute, we are mindful that, insofar as possible, legislative intent is to be determined from the language of the statute itself. In doing so, words used in statutes are considered in their plain and ordinary meaning. The legislature is presumed to have intended what the statute says, and if the language used is clear and unambiguous there is no room for construction.

*Id.* at 936 (citations omitted).

■ Keeping these rules in mind, we proceed to examine the text of the provisions of the UMDDL that are outcome-determinative here. Section 217.450.1 states:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. *The request shall be in writing addressed to* the court in which the indictment, information or complaint is pending and to *the prosecuting attorney charged with the duty of prosecuting it,* and shall set forth the place of imprisonment.

(Emphasis added.) In the case at bar, Movant's requests did not comply with this statute because the forms were not addressed to special prosecutor Keedy, who was the prosecuting attorney charged with the duty of prosecuting case 896 and case

1150 as of October 12, 2000. The next relevant statute is § 217.455, which states:

> The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:
>
> (1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and
>
> (2) *Send by registered or certified mail, return receipt requested,* one copy of the request and certificate to the court and *one copy to the prosecuting attorney to whom it is addressed.*

(Emphasis added.) The director complied with the obligations imposed upon him by this statute because the certificate on each form was properly executed, and the forms were sent to prosecuting attorney Morris, to whom they were addressed. Finally, § 217.460 states:

> *Within one hundred eighty days after the receipt of the request and certificate,* pursuant to sections 217.450 and 217.455, *by the court and the prosecuting attorney* or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, *the indictment, information or complaint shall be brought to trial.* The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

(Emphasis added.) Movant pled guilty in both cases on May 22, 2001. According to the plain language of this statute, the 180–day time period does not begin to run until both the prosecutor and the court receive the defendant's request for disposition and the director's certificate. *See State v. Williams*, 120 S.W.3d 294, 298 (Mo.App. 2003). In order to establish that the trial court had lost jurisdiction to accept those pleas, Movant bore the burden of proving the trial court and special· prosecutor Keedy each received a copy of Movant's request forms containing the director's certificate on or before November 22, 2000.[3] Movant proved his request forms, with the attached director's certificate, were received by the Laclede County Circuit Court. Movant failed to prove, however, that his request forms with the director's certificate were received by special prosecutor Keedy on or before November 22, 2000. *See id.* (it is a defendant's burden to prove if and when the prosecutor received the request for disposition of detainer form and the director's certificate). The trial court made a specific factual finding that "[c]opies of [Movant's] request for disposition forms were not faxed or mailed to the special prosecutor by the court clerk." That finding is not clearly erroneous.

■ In an effort to avoid the outcome dictated by the application of the plain and ordinary language used in these statutes, Movant argues that he made a good faith effort to invoke the protections of the UMDDL, and he substantially complied with its procedural requirements. Movant is correct that "[i]n order to receive the benefit and protection of the UMDDL, a defendant must show a good faith effort to

invoke the UMDDL and must substantially comply with its procedural requirements." *Williams*, 120 S.W.3d at 299. When this principle is applied to the facts, however, it becomes clear that Movant's argument lacks merit.

■ First, "[m]ovant's obligation to deliver his request for disposition includes an obligation to deliver it to the proper authorities." *Meyer v. State*, 854 S.W.2d 69, 71 (Mo.App.1993). The detainer forms filled out by the caseworker were given to Movant on October 12, 2000. Both forms were addressed to prosecuting attorney Morris. As of that date, he was no longer charged with prosecuting Movant. When the detainer forms were·presented to Movant for review and signature, he knew that a special prosecutor was going to be appointed and that the appointment may have already been made. Movant failed to disclose this information to the caseworker or make any effort to determine whether the appointment had already been made. Instead, Movant incorrectly assumed the appointment had not yet occurred. Therefore, Movant failed to prove that he made a good faith effort to invoke the UMDDL.

Second, it is a fundamental procedural requirement of the UMDDL that a defendant send a written demand for disposition addressed to the prosecuting attorney charged with the duty of prosecuting the untried indictment, information or complaint. *See Williams*, 120 S.W.3d at 299; *Coats v. State*, 998 S.W.2d 869, 869 (Mo. App.1999); *Dillard v. State*, 931 S.W.2d 157, 164–65 (Mo.App.1996); § 217.450.1. There was no substantial compliance with the procedural requirements of the UMDDL here because the written demand for disposition was sent to the wrong pros-

---

**3.** In counting days under the UMDDL, we .exclude the day the request was received. *Meyer v. State*, 854 S.W.2d 69, 71 n. 2 (Mo. App.1993). If the special prosecutor had received Movant's request form on or before November 22, 2000, the 180–day time limit would have run out on May 21, 2001. The trial court, therefore, would have lacked jurisdiction to accept a guilty plea in case 896 and case 1150 on May 22, 2001.

ecutor, and the special prosecutor received nothing other than a copy of the docket sheets in case 896 and case 1150. *See Dillard,* 931 S.W.2d at 165 (notification of a different prosecutor in a different county does not constitute substantial compliance); *Meyer,* 854 S.W.2d at 71 (special prosecutor's receipt of docket sheet did not start the running of the 180–day time period in § 217.460; it only begins to run when both the prosecutor and the court receive a defendant's request for disposition and the director's certificate). Therefore, the trial court had jurisdiction to accept Movant's guilty pleas in case 896 and case 1150.

The findings and conclusions of the motion court were not clearly erroneous, and we do not have a definite and firm impression that a mistake was made. *See* Rule 24.035(k); *Morehead v. State,* 145 S.W.3d 922, 927 (Mo.App.2004). Therefore, the trial court's order overruling Movant's Rule 24.035 motion is affirmed.

SHRUM and BARNEY, JJ., concur.