

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,               )

                           )

        Plaintiff-Respondent,     )

                           )

v.                           )     No. SD38314

                           )

                           )     Filed: **October 3, 2024**

                           )

GARY LEE FARRAR, JR.,      )

                           )

        Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable D. Blake Pearson, Judge

### <u>AFFIRMED</u>

Gary Lee Farrar, Jr. ("Defendant") appeals his convictions for first-degree assault, §565.050; unlawful use of a weapon, §571.030; stealing, §570.030; and armed criminal action, §571.015.[1]  In his sole point on appeal, Defendant alleges that the trial court erred in failing to dismiss Defendant's case with prejudice under the Uniform Mandatory Disposition of Detainers Law ("UMDDL").  Because Defendant failed to substantially comply with the statutory requirements under the UMDDL, the judgment is affirmed.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, as amended through May 28, 2021, the date of the alleged crimes.

**Factual Background and Procedural History**

On June 17, 2021, Defendant was arrested and charged with multiple felonies. A detainer was subsequently lodged against Defendant on June 30, 2021. After a preliminary hearing, the State filed its felony information on July 22, 2021.

On October 26, 2021, Defendant filed a request for trial within 180 days under the UMDDL. Defendant's request stated that he was imprisoned at the Eastern Reception Diagnostic and Correctional Center at the time of filing, but included no other details concerning his incarceration. Defendant's request was in writing, and included a certificate of service addressing the requests to both the Scott County Prosecuting Attorney and the Scott County Circuit Court. Defendant did not attach any other documentation to his request.

On May 24, 2022, more than 180 days after Defendant's request was filed, Defendant filed a motion to dismiss the case against him with prejudice for failing to conduct a trial within the 180-day time limit. The trial court overruled Defendant's motion on June 9, 2022.

A bench trial was held on June 15, 2023. Defendant was found guilty of first-degree assault, unlawful use of a weapon, stealing and armed criminal action.[2] Defendant was sentenced to ten years for first-degree assault, ten years for unlawful use of a weapon, seven years for stealing, and ten years for armed criminal action. The sentence for armed criminal action was ordered to run consecutively to the other counts, resulting in a total sentence of twenty years. This appeal followed.

**Standard of Review**

Determining whether a criminal case should be dismissed based on the UMDDL is a question of law which this Court reviews *de novo*. ***State v. Sharp***, 341 S.W.3d 834, 837 (Mo.

---

[2] Defendant was acquitted of the charge for unlawful possession of a firearm.

App. W.D. 2011) (citing *State v. Nichols*, 207 S.W.3d 215, 219 (Mo. App. S.D. 2006)). "To the extent the application of law is based on the evidence presented, the facts are viewed in the light most favorable to the judgment, with due deference given to the trial court's factual findings." *Id.* (citing *State v. Lybarger*, 165 S.W.3d 180, 184 (Mo. App. W.D. 2005)).

## Analysis

"In order to receive the benefit and protection of the UMDDL, a defendant must show a good faith effort to invoke the UMDDL and must substantially comply with its procedural requirements." *State v. Merrick*, 219 S.W.3d 281, 285 (Mo. App. S.D. 2007) (quoting *State v. Williams*, 120 S.W.3d 294, 299 (Mo. App. W.D. 2003)); (*see also Sharp*, 341 S.W.3d at 843). A defendant bears the burden of proving the application of the UMDDL. *State v. Summers*, 653 S.W.3d 155, 162 (Mo. App. W.D. 2022).

Here, Defendant alleges that the trial court erred in overruling his motion to dismiss because Defendant made a "sufficient, good faith attempt" to comply with the statutory requirements of the UMDDL. We disagree.

Section 217.0450.1 of the UMDDL provides that:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that detainer be lodged against him with the facility where the offender is confined. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Section 217.455 of the UMDDL also requires that Defendant "shall" deliver his request to the director of the division of adult institutions, who shall "certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the

3

sentence, the time of parole eligibility of the offender, and any decisions of the state parole board relating to the offender . . . ." §217.455. The statute further requires that the director must send a copy of the request and the certificate to the court and the prosecuting attorney. *Id*.

There is nothing in the record to indicate that Defendant ever delivered his request to the director as required by §217.455. Further, none of the essential information required in the director's certificate under §217.455 was otherwise included in the request Defendant sent to the trial court.

Defendant cites *State v. Burhop*, 624 S.W.3d 186 (Mo. App. W.D. 2021), and *State v. Stevenson*, 624 S.W.3d 420 (Mo. App. W.D. 2021), to support his contention that he substantially complied with the requirements of the UMDDL. These cases address compliance with the Interstate Agreement on Detainers ("IAD"). *See id.* The IAD allows prisoners incarcerated in other states to compel that pending criminal cases in Missouri be brought to trial within 180 days of notification of the request for disposition. *Stevenson*, 624 S.W.3d at 423-24 (citing §217.490). The IAD must be considered *in pari materia* with the UMDDL. *State v. Walton*, 734 S.W.2d 502, 503 (Mo. banc 1987).

In both *Burhop* and *Stevenson*, dismissals under the IAD were upheld because the respective defendants had substantially complied with the requirements of the statute. *Burhop*, 624 S.W.3d at 188, 190-91; *Stevenson*, 624 S.W.3d at 422-25. In both cases, the courts relied on the fact that the defendants had submitted supporting documents with their requests which included the information that would otherwise be found in the director's certificate. *Id.* Because all of the required information was included in these documents filed with the requests, the

4

courts found the defendants had not omitted any essential information and substantially complied with the IAD. *Id.*[3]

Each of these cases is distinguishable from this matter. A defendant's good-faith attempt to invoke the UMDDL will only constitute substantial compliance where he omits "nothing essential" to the statute's operation. *Burhop*, 624 S.W.3d at 190; *Stevenson*, 624 S.W.3d at 425. Unlike in *Burhop* and *Stevenson*, Defendant omitted essential information in making his request. The record reflects that Defendant did not include the information required under §217.455 in his request for disposition, nor in any supporting documents. This would include information regarding Defendant's term of commitment, Defendant's time served, Defendant's time remaining or any information about his parole status. In the absence of this statutorily required information, it cannot be said that Defendant substantially complied with the requirements of the UMDDL. Defendant's point is denied.[4]

---

[3] The IAD and the UMDDL contain nearly identical language regarding information required to be in the director's certification. The UMDDL states that the director shall:

(1) Certify the time of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state parole board relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

§217.455. The IAD, in relevant part, states:

The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

§217.490, Art. III.

[4] In its brief, the State also argues that because Defendant's request was not delivered via "certified letter," the State did not properly receive notice under the statute, even though Defendant's request was filed with the court's electronic filing system. We need not decide this issue, however, because regardless of whether Defendant's request was adequate to give the State notice, Defendant's failure to include essential information in his request prohibits him from invoking the UMDDL.

**Conclusion**

The judgment is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, C. J. – CONCURS