STATE of Missouri, Respondent,

v.

Robert W. DAVIS, Appellant.

State of Missouri, Respondent,

v.

Paul L. Bainter, Appellant.

Nos. SC 87748, SC 87749.

Supreme Court of Missouri,
En Banc.

Dec. 5, 2006.

Rehearing Denied Jan. 30, 2007.

S. Kristina Starke, Office of the Public Defender, St. Louis, for appellant Robert W. Davis.

Kent Denzel, Office of the Public Defender, Columbia, for appellant Paul L. Bainter.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Shaun J. Mackelprang, Assistant Attorneys General, Jefferson City, for respondent.

RONNIE L. WHITE, Judge.

## I.

A jury convicted Robert W. Davis and Paul L. Bainter of eight counts of armed criminal action, seven counts of felonious restraint, first degree robbery, first degree burglary, and resisting arrest. Each of the two defendants was sentenced as a prior and persistent offender to a total of two life terms plus 512 years in prison. This Court has jurisdiction pursuant to article V, section 10, of the Missouri Constitution. Among their five points of error, the defendants raise a valid challenge to the trial court's admission of evidence of uncharged crimes. The judgment is reversed, and the case is remanded.

## II.

The facts, which this Court reviews in the light most favorable to the verdict,[1] indicate that, on January 3, 2004, Davis and Bainter robbed the Frontier IGA grocery store in St. Charles.

At trial, the court permitted the State to introduce evidence identifying Davis and Bainter as perpetrators of another robbery at McDonald's Bar in Hazelwood four days before the IGA robbery. Defense counsel objected to the admission of the evidence of this uncharged crime. The trial court overruled the objection and allowed the state to adduce and to reference repeatedly extensive evidence regarding the McDonald's robbery.[2]

The State presented its case as follows. Police obtained a surveillance tape from a convenience store located a quarter mile from McDonald's. On the tape four hours before the McDonald's robbery were two men matching the robbers' descriptions. The store clerk picked the photos of Davis and Bainter from a lineup and testified that they were in the store on the day of

---

1. *State v. Taylor,* 134 S.W.3d 21, 24 (Mo. banc 2004).

2. In fact, the transcript of testimony relating to the uncharged McDonald's robbery is as long as the transcript of testimony relating to the charged IGA robbery.

the McDonald's robbery. The McDonald's bartender viewed the surveillance tape and photos created from the tape. She testified that the men in the video looked similar to the robbers. She also identified Davis as someone who frequented the bar and Bainter as someone who lived nearby. When apprehended, the defendants were in possession of handwritten directions to the street where McDonald's is located and several cash bills bearing staple holes. The bartender had testified that customer receipts were often stapled to cash payments. In both robberies, the perpetrators were two stocky white men carrying similar guns and wearing dark ski masks and gloves. In both incidents, one man was taller than the other, and one man called the other "Ed."

The jury convicted Davis and Bainter on all eighteen counts. This appeal followed.

### III.

A criminal defendant has a right to be tried only for the crimes with which he is charged.[3] As a general rule, "evidence of prior misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes."[4] As an exception, evidence of prior misconduct may be admitted if it is logically and legally relevant.[5] Such evidence is logically relevant if it has "some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial."[6] Specifically, evidence of uncharged misconduct can be used to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the alleged perpetrator.[7] Such evidence is legally relevant if its probative value outweighs its prejudicial effect.[8] Its probative value also must outweigh the dangers of confusing issues, misleading the jury, wasting time, or presenting cumulative evidence.[9] There is a possibility of prejudice "whenever the evidence amounts to an attack on the defendant's character" or "when the evidence is used to show the defendant is a bad or evil man to support the further inference that he therefore committed the crime with which he is charged."[10] Prejudice also may result if there is a possibility that the "bad-guy evidence," even if probative, will be overused.[11]

Generally, "the balancing of the effect and value of evidence rests within the sound discretion of the trial court."[12] But courts "should require that the admission of evidence of other crimes be subjected to rigid scrutiny" because such evidence "could raise a legally spurious presumption of guilt in the minds of the jurors."[13]

### IV.

The State sought to admit evidence regarding the McDonald's robbery to

---

3. Mo. Const., art. I, sec. 17; *State v. Mahoney,* 70 S.W.3d 601, 605 (Mo.App.2002).

4. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. 1993).

5. Id. at 13.

6. Id.

7. Id.

8. Id.

9. *State v. Sladek,* 835 S.W.2d 308, 314 (Mo. 1992) (Thomas, J., concurring).

10. *State v. Kitson,* 817 S.W.2d 594, 597–98 (Mo.App.1991) (quoting Imwinkelried, *Uncharged Misconduct Evidence,* § 2;14 at 38 (1984)).

11. *Sladek* at 314 (Thomas, J., concurring).

12. *Bernard* at 13.

13. *Sladek* at 311 (quoting *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (1954)).

prove the identity of the defendants. The State contends that the time, place, and method of the McDonald's and IGA robberies were sufficiently similar such that the trial court properly allowed evidence implicating the defendants in the former to prove their guilt of the latter. Both robberies were perpetrated by two stocky white men carrying similar guns and wearing dark ski masks and gloves. One man was taller than the other. One man called the other "Ed." The two robberies occurred within 5 miles and within 4 days. In both cases, the robbers took cash and rolled coins. However, the robberies were different in several respects. At the IGA, the shorter robber did the talking and called the taller one "Paul" and then "Ed." At McDonald's, the taller robber spoke—with a "country" accent—and called the short one "Ed." The IGA robbers told the victims that no one would get hurt, while the McDonald's robbers threatened to shoot a customer. Both the IGA robbers collected money, while at McDonald's one robber took the money while the other watched the door.

In *State v. Bernard*, this Court explained:

> In order for prior conduct to fall under the identity exception, there must be more than mere similarity between the crime charged and the uncharged crime. The charged and uncharged crimes must be nearly "identical" and their methodology "so unusual and distinctive" that they resemble a "signature" of defendant's involvement in both crimes.[14]

Here, the IGA and McDonald's robberies were neither identical nor sufficiently unusual and distinctive. The State's detailed presentation of voluminous evidence from the McDonald's robbery was excessive and prejudicial. The trial court's ad-

mission of evidence of the McDonald's robbery was erroneous and an abuse of discretion.

## V.

Because the defendants' challenge to the admission of uncharged crimes is dispositive, the remaining four grounds for appeal need not be addressed. The judgment is reversed, and the case is remanded.

All concur.