STATE of Missouri, Plaintiff–Respondent,

v.

Lawrence Steven MASERANG, Defendant–Appellant.

No. SD 34174

Missouri Court of Appeals, Southern District, Division Two.

Filed: February 10, 2017

Attorney for Appellant—Margaret M. Johnston of Columbia, MO

Attorney for Respondent—Chris Koster (Attorney General), Christine Lesicko of Jefferson City, MO

Nancy Steffen Rahmeyer, J.

A seven-year-old victim told a forensic interviewer that he had been sexually assaulted while Lawrence Steven Maserang

388

("Defendant") was wearing a dress. Defendant's defense was that the entire event was fabricated and sought to keep out any evidence that Defendant was indeed a cross-dresser. The court allowed the testimony by the victim's mother that Defendant was a cross-dresser. Further, the victim's mother was extensively cross-examined on the fact that she had not told prior therapists or law enforcement during previous encounters with law enforcement that Defendant was a cross-dresser. Defendant now claims in this appeal that the evidence of Defendant's cross-dressing should have been excluded because the evidence had no legitimate tendency to directly establish his guilt of the charged offenses and that the probative value was far outweighed by the prejudicial effect. The trial court did not abuse its discretion in allowing the testimony. The judgment is affirmed.

We review the trial court's decision to admit or exclude evidence at trial for a clear abuse of discretion. *State v. Sanchez*, 186 S.W.3d 260, 264 (Mo. banc 2006). It goes without saying that a criminal defendant has a right to be tried only for the crime with which he is charged. *State v. Davis*, 211 S.W.3d 86, 88 (Mo. banc 2006). Prior misconduct is inadmissible for purpose of showing the defendant's propensity to commit such crimes. *Id.* One recognized exception is for "evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged." *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994). Such evidence may be admitted "to present a complete and coherent picture of the events that transpired." *Id.*

First, we note that cross-dressing is not a crime. *See State v. Naasz*, 142 S.W.3d 869, 878 (Mo.App. S.D. 2004) ("Of principal importance here is the fact that cross-dressing is not a crime in the State of Missouri, therefore it is impossible that evidence related to Appellant's cross-dressing definitely associated him with another crime.") (internal quotations and citations omitted). The testimony in this particular case indicating that Defendant was a cross-dresser is evidence that was part of the circumstances or the sequence of events surrounding the offense. It provides a more complete and coherent picture of the events that transpired. The child victim testified that Defendant was wearing a dress when the assault occurred. Had Defendant never been seen wearing a dress, the story might have seemed more a child's imagination. The evidence that Defendant had been seen wearing dresses supports the child's story. The trial court did not err in allowing the testimony. The point is denied.

The judgment is affirmed.

Daniel E. Scott, J.—Concurs

William W. Francis, Jr., J.—Concurs