**Robert BELCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 61342.

Missouri Court of Appeals, Western District.

Aug. 12, 2003.

Vanessa Caleb, Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, Andrea Mazza Follett, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Robert Belcher appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing, contending that the guilty plea court lacked jurisdiction to accept his guilty pleas to murder in the second degree, kidnapping, attempted murder in the first degree, and armed criminal action. He claims that the pleas and convictions should be vacated and the charges dismissed because of violations of his right to a speedy trial under the Interstate Agreement on Detainers Act (IADA), Section 217.490, RSMo 2000.[1]

Our review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Those ruling are presumed correct and will be reversed only if, upon a review of the entire record, the appellate court is left with "a definite and firm impression that a mistake has been made." *Sams v. State*, 980 S.W.2d 294, 296 (Mo. banc 1998).

Section 217.490, RSMo, provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment [or] information ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made[.]

Belcher contends that he complied or sufficiently complied with all of the requirements of the IADA, that more than 180 days expired after his request before his guilty pleas, and that the trial court, therefore, lost jurisdiction to do anything except dismiss the charges with prejudice. The State disputes whether detainers were lodged against Belcher, when the 180 days would begin to run, and whether Belcher's requests for disposition complied with IADA procedures.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

We find it unnecessary to consider and resolve any of these arguments. The State also contends that Belcher's guilty pleas waived any claims he might have under the IADA to disposition of the charges within 180 days. In *Ellsworth v. State*, 964 S.W.2d 455 (Mo.App.1998), the Eastern District of this court was presented with this identical issue. The court extensively considered the history of the IADA, as well as federal and other court decisions, on the issue of whether upon expiration of 180 days the trial court loses jurisdiction. After an extensive review, the *Ellsworth* court held that compliance with the IADA was not jurisdictional and that the subsequent guilty pleas waived any complaint about compliance with the IADA. *Id.* at 459. Belcher does not address the *Ellsworth* decision in his brief or suggest any reason why it should not be followed.

The judgment denying Belcher's post-conviction motion is affirmed.

JOSEPH M. ELLIS, Chief Judge, Presiding Judge, and PAUL M. SPINDEN, Judge, concur.