STATE of Missouri, Plaintiff–
Respondent,

v.

Randy Steven TEAGUE, Defendant–
Appellant.

No. 26498.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 20, 2005.

Amy M. Bartholow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Even J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

JAMES K. PREWITT, Presiding Judge.

Randy Steven Teague ("Appellant") challenges the trial court's jurisdiction to accept his guilty pleas. Whether the trial court had jurisdiction is a question of law that we review *de novo*. *State v. Ferrier*, 86 S.W.3d 125, 127 (Mo.App.2002). Appel-

lant bases his contention on § 217.460, RSMo 2000, which is set forth below.[1]

On May 14, 2003, Appellant was charged with three counts of second degree burglary and three counts of stealing. On November 26, 2003, Appellant filed an "Inmate's Request for Disposition of Indictments, Informations, or Complaints." At the preliminary hearing on March 16, 2004, the court dismissed one count of second degree burglary and one count of stealing. The State filed an amended information on March 23, 2004, charging Appellant with two counts each of stealing and burglary in the second degree.

On March 25, 2004, Appellant appeared with public defender Nicki Neil and entered a plea of not guilty. Appellant's trial was set for May 25, 2004, however, at a hearing held on May 18, 2004, the prosecutor informed the court that a May 25 trial date would place final disposition one day beyond the 180–day limit provided in § 217.460. Appellant's counsel, after speaking with Appellant, announced that he "waived his 180 days." Nevertheless, the court re-scheduled the trial for May 24, 2004, "to comply with unlawful detainer."[2]

On May 24, 2004, Neil and co-counsel Larry Maples, also with the public defenders office, said they discovered a conflict with a witness for the State, Appellant's former co-defendant, Ashley Cook. Cook had been represented by Neil at the preliminary stage of her trial. Maples said he had received confidential or privileged information from Cook, and Neil said she had received such information from others in their office. Neil stated she would waive the conflict, but the court said Appellant would have to do so. The court told Appellant he had two choices: To consult with independent counsel to determine whether he wanted to waive the conflict, or to continue the case to a later date with new counsel. Appellant said he wanted to talk with neutral counsel. Later, the assistant prosecuting attorney indicated to the court that Appellant had talked with "independent counsel" and waived the conflict.

Thereafter, Maples stated Cook also needed to waive the conflict, and he suggested the court reschedule so she could consult with independent counsel. Neil said that she was not aware of the conflict because she had only represented Cook at the arraignment. The court ruled there was good cause to continue the proceedings since the matter could not be tried in a timely manner due to the conflicts.

On June 24, 2004, the court set Appellant's trial for August 17, 2004. Appellant,

1. **217.460. Trial to be held, when — failure, effect.** — Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

2.. May 22, 2004 marked 180th day in this case and fell on a Saturday. The Missouri Supreme Court has determined that, with trials not customarily beginning on Saturdays and no jurors available on Sunday, it is reasonable to extend the 180–day limitation. *State v. Malone*, 694 S.W.2d 723, 725 (Mo.banc 1985).

through counsel, William Fleischaker, entered guilty pleas on two counts of burglary in the second degree on August 10, 2004. The court sentenced Appellant to two consecutive four-year sentences. Appellant filed Notice of Appeal on August 19, 2004.

■ In his sole point relied on, Appellant contends:

The trial court erred in overruling Appellant's motion to dismiss pursuant to the UMDDL and in accepting Appellant's guilty pleas and sentencing him on August 10, 2004, because these rulings violated Appellant's right to a speedy trial under Section 217.460, and his right to due process of law guaranteed by the 14th Amendment to the U.S. Const., and Art. I, § 10 of the Mo. Const., in that the trial court lost jurisdiction over Appellant's case after May 24, 2004, because the trial court's decision to extend the case beyond 180 days, based on its erroneous belief that Appellant could not waive a conflict of interest, without "timely hold[ing] a hearing on the issue of the conflict," did not constitute "good cause shown in open court."

■ The right to be brought to trial within 180 days of a proper request is jurisdictional. *Woody v. State*, 904 S.W.2d 467, 469 (Mo.App.1995). A guilty plea by the defendant after the running of the statute does not waive a claim for lack of jurisdiction. *O'Neal v. State*, 925 S.W.2d 480, 483 (Mo.App.1996). However, the statute allows for additional, necessary or reasonable time for good cause shown in open court. *State v. Allen*, 954 S.W.2d 414, 418 (Mo.App.1997).

■ An attorney representing "both the defendant and a prosecution witness in the case against the defendant is representing conflicting interests." *Ciarelli v. State*, 441 S.W.2d 695, 697 (Mo.banc 1969). The court properly found counsel had a conflict of this nature.

■ Appellant claims the actions of the court are contrary to *State ex rel Kinder v. McShane*, 87 S.W.3d 256 (Mo.banc 2002). "[A] court may reject a waiver in the face of an *actual* conflict of interest[,]" yet it "must be allowed substantial latitude in refusing waivers of conflicts of interest ... in those rare cases where an actual conflict may be demonstrated before trial." *Id.* at 262. " '[S]uch a waiver ... does not necessarily resolve the matter, for the trial court has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel[.]' " *Id.* at 263, quoting *U.S. v. Moscony*, 927 F.2d 742, 749 (3d Cir.1991).

Appellant maintains a hearing is required on the issue. This is incorrect. What *Kinder* says is that "[t]he *best* way for the trial court to fulfill its role would be for the court to timely hold a hearing on the issue of the conflict." *Id.* at 263 (emphasis added). This addresses "the need to accord an accused the right to select his or her own counsel, ... particularly where the potential conflict involves ... representation of a peripheral witness or a conflict that arose due to the conduct of someone other than defendant and his [or her] counsel." *Id.* The goal of the hearing is to determine if defendant needs independent advice on this issue. *Id.* The court, in this case, gave Appellant the opportunity to consult with independent counsel as Appellant requested.

There was good cause to extend the trial beyond the 180–day requirement. The tri-

al court did not lose jurisdiction. The judgment is affirmed.

PARRISH and RAHMEYER, JJ., concur.