Dennis M. SCHMIDT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29663.

Missouri Court of Appeals, Southern District, Division One.

Sept. 10, 2009.

Ellen H. Flottman of Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen. of Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Dennis Schmidt (Schmidt) appeals from an order denying his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. Schmidt contends the motion court clearly erred by deciding that the plea court had subject matter jurisdiction to accept Schmidt's plea of guilty to felony stealing. The basis for Schmidt's contention is that his plea was accepted beyond the 180–day time limit established by § 217.460 of the Uniform Mandatory Disposition of Detainers Law (UMDDL). See §§ 217.450–.485.[1] This Court affirms the denial of post-conviction relief.

On April 3, 2007, Schmidt was charged by amended information with committing the class C felony of burglary in the second degree and the class B felony of stealing. See § 569.170; § 570.030 RSMo Cum.Supp. (2005). On April 10, 2007, Schmidt pled guilty to stealing and received an eight-year sentence. Pursuant to the parties' plea agreement, the State dismissed the burglary charge.

In September 2007, Schmidt filed a *pro se* motion for post-conviction relief. Thereafter, appointed counsel filed an amended motion. This motion alleged that the plea court lacked subject matter jurisdiction to accept Schmidt's guilty plea because the plea was taken beyond the 180–day time limit established by § 217.460. After conducting an evidentiary hearing, the motion court denied relief.

1. All references to statutes are to RSMo (2000) unless otherwise specified.

■ This Court's review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Those rulings are presumed correct and will be reversed only if, upon a review of the entire record, this Court is left with a "definite and firm impression that a mistake has been made." *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007); *Burgess v. State*, 228 S.W.3d 43, 45 (Mo.App.2007).

■ Schmidt presents one point on appeal. He contends that: (1) in May 2006, he requested final disposition of a detainer lodged against him as required by the UMDDL; (2) he was not brought to trial within 180 days thereafter; and (3) pursuant to § 217.460, the plea court therefore lacked subject matter jurisdiction to accept his guilty plea in April 2007. This Court disagrees.

■ Schmidt's subject matter jurisdiction argument is based on the language of § 217.460, which states:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. *If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.*

(Italics added.) In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), our Supreme Court issued a watershed opinion which greatly simplified the way jurisdictional analysis is conducted. As the *J.C.W.* court explained:

Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law. Subject matter jurisdiction is governed by article V of the Missouri Constitution.

*Id.* at 252 (footnote omitted). Personal jurisdiction is not at issue here. The *J.C.W.* court defined subject matter jurisdiction as "the court's authority to render a judgment in a particular category of case." *Id.* at 253. Our state constitution grants circuit courts "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. art. V, § 14. The criminal case against Schmidt was pending in circuit court. The Constitution grants subject matter jurisdiction over criminal cases to circuit courts. Therefore, the plea court unquestionably had subject matter jurisdiction to accept Schmidt's guilty plea. *J.C.W.*, 275 S.W.3d at 253.

■ It is true that § 217.460 purports to deprive a circuit court of "jurisdiction" if the requirements of the UMDDL are not followed. Prior to *J.C.W.*, a number of appellate decisions have described such noncompliance as a jurisdictional defect.[2]

---

2. *See, e.g., State v. Teague*, 175 S.W.3d 167, 169 (Mo.App.2005); *Tabor v. State*, 161 S.W.3d 862, 863 (Mo.App.2005); *Lee v. State*, 97 S.W.3d 9, 16 (Mo.App.2002); *State v. Sed-*

That analysis is no longer valid in light of *J.C.W.* A circuit court's error in granting relief prohibited by statute is not jurisdictional in nature. *J.C.W.*, 275 S.W.3d at 254. "When a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Id.* at 255. Thus, the jurisdictional language in § 217.460 operates as a statutory bar to relief, and a circuit court's alleged noncompliance with this statute is reviewed for legal error only. *See State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75 (Mo. banc 2009) (holding that a court's error in failing to follow a statute was not a jurisdictional defect); *Marriage of Hendrix*, 183 S.W.3d 582, 590 (Mo. banc 2006) (holding that a legal error should not be mislabeled as a jurisdictional defect). After *J.C.W.*, Schmidt's argument that the circuit court lacked subject matter jurisdiction to accept his guilty plea in a criminal case is no longer tenable.

 Nonjurisdictional errors can be waived. *See Parkinson*, 280 S.W.3d at 75; *Hendrix*, 183 S.W.3d at 590. "The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties." *State v. Sexton*, 75 S.W.3d 304, 309 (Mo. App.2002). When Schmidt pled guilty to stealing, he waived any complaint that the circuit court had erred in earlier failing to dismiss the criminal case due to alleged noncompliance with the UMDDL. *See Beach v. State*, 488 S.W.2d 652, 654 (Mo. banc 1972) (a guilty plea is conclusive as to guilt and waives all nonjurisdictional procedural or constitutional infirmities in any prior stage of the proceeding); *O'Neal v. State*, 925 S.W.2d 480, 482 (Mo.App.1996)

*erburg*, 25 S.W.3d 172, 174 (Mo.App.2000); *Carson v. State*, 997 S.W.2d 92, 99 (Mo.App.

(a guilty plea is a binding waiver of all nonjurisdictional defenses and defects).

One consequence of this Court's decision in the case at bar is that guilty pleas entered in cases involving the UMDDL will be treated the same way, insofar as the waiver issue is concerned, as guilty pleas entered in cases involving the Interstate Agreement on Detainers (IAD) contained in § 217.490. In IAD cases, it has long been held that the 180–day limitation is nonjurisdictional and is waived by a prisoner's subsequent guilty plea. *Rivera v. State*, 106 S.W.3d 635, 640 (Mo.App. 2003); *see Belcher v. State*, 112 S.W.3d 118, 120 (Mo.App.2003); *Ellsworth v. State*, 964 S.W.2d 455, 459 (Mo.App.1998). Schmidt's point on appeal is denied.

Because the plea court had subject matter jurisdiction to accept Schmidt's guilty plea, the motion court did not clearly err in denying Schmidt's Rule 24.035 motion for post-conviction relief. Rule 24.035(k). The order denying relief is affirmed.

BARNEY and BURRELL, JJ., Concur.

1999); *O'Neal v. State*, 925 S.W.2d 480, 482–83 (Mo.App.1996).