**Isreal ODEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 93734.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Mark A. Grothoff, Columbia, MO, for appellant.

Chris Koster, Attorney General, Jamie P. Rasmussen, Asst. Attorney General, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Israel Oden ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Movant's sole argument is that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because the trial court was without jurisdiction to try or sentence Movant in that the State failed to bring Movant to trial within 180 days as required by the Uniform Mandatory Disposition of Detainers Law ("UMDDL"). We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

Movant was convicted after a bench-trial of one count of second-degree murder, Section 565.021, RSMo 2000,[1] and one count of armed criminal action, Section 571.015. Movant was sentenced to consecutive terms of imprisonment of twenty-five years for second-degree murder and five years for armed criminal action. Movant's convictions and sentences were affirmed on direct appeal. *State v. Oden*, 271 S.W.3d 62 (Mo.App. E.D.2008).

Movant subsequently filed a Rule 29.15 motion for post-conviction relief arguing the trial court lacked jurisdiction to convict and sentence Movant because the State failed to bring him to trial within 180 days as required by the UMDDL.

After an evidentiary hearing, the motion court issued findings of fact and conclusions of law and its order and judgment denying Movant's Rule 29.15 motion. The motion court found Movant had waived any claim regarding the failure to bring him to trial within the time period specified by the UMDDL by requesting a change of venue and a continuance. This appeal follows.

---

1. All further statutory references are to RSMo 2000.

■ Our review of a motion court's findings on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are only clearly erroneous if, after reviewing the entire record, we are left with the firm and definite impression a mistake has been made. *Jackson v. State*, 205 S.W.3d 282, 284 (Mo.App. E.D.2006).

■ In his sole point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because the trial court was without jurisdiction to try or sentence Movant because the State failed to bring Movant to trial within 180 days as required by the UMDDL. We disagree.

The UMDDL is set forth in Sections 217.450 et seq. Section 217.450 provides:

Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined.

Further, Section 217.460 provides:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. *If the indictment, information or complaint is not brought to trial within the period and if the court finds that the offender's constitutional right to a speedy trial has been denied, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.*

(emphasis added).

Defendant argues he filed a request for a speedy disposition on November 7, 2005, but that no rulings were made on his pretrial motions until after the deadline passed on May 6, 2006. Defendant's jurisdictional argument is based on the above-emphasized language of Section 217.460.

In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Supreme Court simplified the way in which jurisdictional analysis is conducted. The Supreme Court explained:

Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law. Subject matter jurisdiction is governed by article V of the Missouri Constitution.

*Id.* at 252 (footnote omitted). Personal jurisdiction is not at issue here. The Supreme Court defined subject matter jurisdiction as "the court's authority to render a judgment in a particular category of case." *Id.* at 253. The Missouri Constitution grants circuit courts "original jurisdiction over all cases and matters, civil and

criminal." Missouri Constitution Article V, Section 14.

■ The criminal case against Movant was pending in circuit court. The Constitution grants subject matter jurisdiction over criminal cases to circuit courts. *Schmidt v. State*, 292 S.W.3d 574, 576 (Mo. App. S.D.2009). Therefore, the circuit court unquestionably had subject matter jurisdiction to hear Movant's criminal case.

■ It is true that Section 217.460 purports to deprive a circuit court of "jurisdiction" if the requirements of the UMDDL are not followed. *Id.* Prior to *Wyciskalla*, a number of appellate decisions had described such noncompliance as a jurisdictional defect. *Id.* However, that analysis is no longer valid in light of *Wyciskalla*. *Id.* at 577. A circuit court's error in granting relief prohibited by statute is not jurisdictional in nature. *Id.* When a statute speaks in jurisdictional terms or can be read in such terms, it is correct to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant. *Schmidt*, 292 S.W.3d at 577. Thus, the jurisdictional language in Section 217.460 operates as a statutory bar to relief, and a circuit court's alleged noncompliance with this statute is reviewed for legal error only. *Id.* Thus, after *Wyciskalla*, Movant's argument that the circuit court lacked subject matter jurisdiction to try his case after the purported expiration of the deadline in Section 217.460 is no longer tenable. *Id.*

■ As a result, a UMDDL speedy trial claim is not a jurisdictional claim that can be brought at any time. *Schmidt*, 292 S.W.3d at 577. Instead it is subject to the rule that claims of trial error are not appropriate in post-conviction cases. Allega-

tions of trial court error, reviewable on direct appeal, are not cognizable in a post-conviction motion. *Seibert v. State*, 184 S.W.3d 624, 629 (Mo.App. S.D.2006). Defendant was aware of the facts giving rise to his present claim at the time of his direct appeal, but he failed to raise the issue in his direct appeal. As a result, he cannot raise it in his motion for post-conviction relief.

■ However, even if the issue was cognizable, Movant would not be entitled to relief. Where a defendant does not object to a trial setting beyond the 180–day time limit, he acquiesces to a trial date beyond the time limit. *See State v. Overton*, 261 S.W.3d 654, 661 (Mo.App. S.D. 2008). In this case, Movant was present when the court set the trial date outside of the 180–day period, and Movant signed the order acknowledging the prospective court dates without objection. Thus, Movant acquiesced in the setting of the trial date outside of the 180–day limitation, thereby waiving his rights under the UMDDL.

■ Additionally, any delay of a defendant's trial resulting from the defendant's affirmative action is excludable from the 180 day period. *Lee v. State*, 97 S.W.3d 9, 14 (Mo.App. W.D.2002). Here, Movant filed a motion for change of venue, a motion for a continuance, a motion to suppress, and finally, Movant agreed to a trial date.[2] These actions resulted in excludable periods, and the time attributable to the State for bringing Movant to trial was within the 180–day time limit.

Therefore, the motion court did not clearly err in denying Movant's Rule 29.15 motion for post-conviction relief. Point denied.

---

**2.** The motion court found Movant's trial counsel was not ineffective for requesting the change of venue and the continuance because these were reasonably strategic decisions. We find this finding was not clearly erroneous.

The motion court's denial of Movant's Rule 29.15 motion for post-conviction relief is affirmed.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.