**Robert W. DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93936.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 14, 2010.

[redacted]

Edward S. Thompson, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, John M. Reeves, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Robert W. Davis (hereinafter, "Movant") appeals the denial of his Rule 24.035 post-conviction motion without an evidentiary hearing. Movant pleaded guilty to one count of first degree robbery, Section 569.020 RSMo (2000),[1] one count of first degree burglary, Section 569.160, five counts of felonious restraint, Section 565.120, six counts of armed criminal action, Section 571.015, and one count of resisting arrest, Section 575.150. Movant was sentenced as a prior and persistent offender to a total term of twenty years' imprisonment. In his sole point on appeal, Movant alleges the trial court lacked subject matter jurisdiction to accept his guilty plea because he was not brought to trial within 180 days pursuant to the Uniform Mandatory Disposition of Detainers Law (hereinafter, "UMDDL"). We affirm.

Movant was convicted of these offenses following a jury trial in St. Charles County and appealed. The Missouri Supreme Court reversed Movant's convictions and remanded the case for retrial on all counts after it determined the trial court committed reversible error by admitting evidence of a prior unrelated robbery. *State v. Davis*, 211 S.W.3d 86, 89 (Mo. banc 2006).

After the Missouri Supreme Court issued its mandate ordering Movant's case be remanded for retrial, Movant filed a *pro se* motion on February 8, 2007, asking for a "180 Day writ" wherein "[a]ll pending charges against [him] be brought to Court within 180 days or be dismissed with prejudice." The cause was called for hearing on February 15, 2007, and continued for Movant to obtain counsel. After Movant obtained counsel, the parties agreed on a trial date of September 10, 2007. On August 22, 2007, the State filed a motion for a continuance, which the trial court granted because a material witness was unavailable on that trial date. The matter was reset for trial on January 15, 2008.

Movant filed a motion to dismiss with prejudice for the alleged violation of his right to a speedy trial on January 11, 2008. At the hearing on this motion, defense

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

counsel conceded Movant was not confined in a department correctional facility when he filed his *pro se* motion; however, defense counsel requested the motion be considered one for speedy trial, rather than one for relief under the UMDDL. The trial court denied the motion, acknowledging defense counsel strenuously argued against the State's motion for a continuance in August, which the trial court granted for good cause shown. On January 15, 2008, Movant entered his guilty plea to fourteen of the eighteen charges against him.

Movant filed a timely Rule 24.035, motion alleging the trial court lacked subject matter jurisdiction to enter a judgment of conviction and to sentence Movant because the State did not bring Movant's case to trial within 180 days of his request for disposition pursuant to the UMDDL. The motion court denied his motion, finding: (1) the UMDDL did not apply to Movant because he was not a person confined in a department correctional facility nor was he serving a sentence in the Missouri Department of Corrections (hereinafter, "the DOC") on any other charges; (2) Movant did not address his request to the St. Charles County prosecutor; and (3) to the extent Movant's *pro se* motion invoked his speedy trial rights, the matter was continued for good cause shown because a material witness was unavailable on the trial date. Movant appeals.

Appellate review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Soto v. State,* 226 S.W.3d 164, 166 (Mo. banc 2007); *Carter v. State,* 215 S.W.3d 206, 208 (Mo.App. E.D.2006). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Adams v.* *State,* 210 S.W.3d 387, 388 (Mo.App. E.D. 2006).

■ Movant raises one point on appeal, arguing the trial court lacked subject matter jurisdiction to enter judgment and sentence him on his guilty plea. Movant alleges he properly invoked his right to relief under the UMDDL when he filed his *pro se* motion from the St. Charles County jail. As a result, Movant believes the State's failure to bring him to trial within 180 days deprived the trial court of jurisdiction to accept his guilty plea. We disagree.

■ We first address Movant's jurisdictional claim that the trial court lacked subject matter jurisdiction to accept his guilty plea. This analysis of "subject matter jurisdiction" under the UMDDL is no longer tenable in light of the Missouri Supreme Court's recent holding in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 252 (Mo. banc 2009). *Wyciskalla* explained Missouri courts recognize only two types of jurisdiction based upon constitutional principles: subject matter jurisdiction and personal jurisdiction. *Id.* "Subject matter jurisdiction is governed by article V of the Missouri Constitution," which encompasses "the court's authority to render judgment in a particular category of cases." *Id.* at 252–53. Article V, Section 14 of the Missouri Constitution provides, "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *Id.* at 253.

The Southern District resolved this exact issue in *Schmidt v. State,* 292 S.W.3d 574 (Mo.App. S.D.2009). In *Schmidt,* the movant pleaded guilty and then argued in his Rule 24.035 motion the trial court lacked subject matter jurisdiction to accept his guilty plea. *Id.* at 575. The court found the holding in *Wyciskalla* refuted his claim because "the plea court unquestionably had subject matter jurisdiction to

accept [the movant's] guilty plea." *Id.* at 576.

Similar to the case at bar, the movant in *Schmidt* predicated his subject matter jurisdiction argument on the provisions of Section 217.460. Section 217.460 specifically states, "If the indictment, information or complaint is not brought to trial within the period and if the court finds that the offender's constitutional right to a speedy trial has been denied, *no court of this state shall have jurisdiction of such indictment, information or complaint . . . .*" (emphasis added). Relying on *Wyciskalla*, the *Schmidt* court stated, "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that the court may grant." *Schmidt*, 292 S.W.3d at 577 (*quoting Wyciskalla*, 275 S.W.3d at 255); *see also, Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010). Therefore, "the jurisdictional language in Section 217.460 operates as a statutory bar to relief, and a circuit court's alleged noncompliance with this statute is reviewed for legal error only." *Schmidt supra*. After reviewing for legal error only, the *Schmidt* court determined the movant waived all nonjurisdictional errors by pleading guilty; hence, the motion court did not err in denying his Rule 24.035 motion. *Id.* at 577.

 We reach the same result here. It is undeniable based upon the holding in *Wyciskalla* that the plea court had subject matter jurisdiction to accept Movant's guilty plea. Movant's claim that the UMDDL was violated is not a jurisdictional argument, and therefore, can be reviewed for legal error only. "The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties." *Schmidt* 292 S.W.3d at 577. Thus, Movant waived any complaint that the trial court erred in failing to dismiss his criminal case because of alleged noncompliance with Section 217.460 of the UMDDL when he entered his guilty plea.

Based on the foregoing, we hold the trial court had the authority to enter judgment and sentence Movant pursuant to his guilty plea. The motion court did not clearly err in denying Movant's Rule 24.035 motion for post-conviction relief. Point denied.

The motion court's judgment is affirmed.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.