**Terry A. GREENE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 71153.**

Missouri Court of Appeals,
Western District.

Dec. 28, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2011.

Application for Transfer Denied
March 29, 2011.

---

Frederick J. Ernst, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before Division One: JAMES M. SMART, JR., P.J., MARK PFEIFFER, and CYNTHIA L. MARTIN, JJ.

JAMES M. SMART, JR., Judge.

Terry Greene appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing claiming the trial court lacked jurisdiction to accept his guilty plea. Greene pleaded guilty to the class C felony of burglary in the second degree and was sentenced to a three-year term of imprisonment. Greene argues that the trial court lacked jurisdiction to enter the judgment and sentence because he was not brought to trial within 180 days under sections 217.450–217.485, RSMo, the Uniform Mandatory Disposition of Detainers Law ("UMDDL").[1] We affirm.

1. All statutory references are to the Missouri Revised Statutes 2000, unless otherwise indi-  cated.

## Factual Background

In March 2005, Terry Greene was charged with the Class C felony of burglary in the second degree in Holt County. A warrant was issued for his arrest. At the time, Greene was being held in the Nodaway County jail on domestic assault charges and was on probation for burglary charges in a Livingston County case in which the execution of his ten-year sentence was suspended. In May 2005, Greene was sent to the Missouri Department of Corrections ("DOC") on the Nodaway County sentence.

In September 2005, Greene sent a letter to the records office of the Department of Corrections requesting that the Holt County charges be disposed of within 180 days. The DOC returned Greene's request with a notation that the 180 days did not apply because there was no detainer lodged against him. On December 19, 2005, appointed counsel filed a request for speedy disposition of the Holt County charges. Greene filed a motion to dismiss for lack of jurisdiction in April 2006. In his motion, Greene alleged that the trial court was without jurisdiction to accept his guilty plea because he was denied his right to a speedy trial within 180 days under the UMDDL.[2] The trial court held a hearing in June 2006. At the conclusion of the hearing, the court denied Greene's motion to dismiss.

On June 9, 2006, Terry Greene pleaded guilty in the Circuit Court of Holt County to one count of second-degree burglary. Pursuant to a plea agreement, he was sentenced to a term of three years imprisonment. That sentence was to be served consecutively to Greene's ten-year sentence on his burglary conviction in Livingston County and a six-year sentence on the domestic assault conviction out of Nodaway County.

Greene filed a Rule 24.035 motion for post-conviction relief. Appointed counsel filed an amended motion. In his motion, he alleged that his guilty plea was entered beyond the expiration of the 180–day time limit after he had requested disposition of the pending charges. After an evidentiary hearing, the trial court denied Greene's motion for post-conviction relief. He now appeals.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings and conclusions of law are clearly erroneous. *Davis v. State*, 320 S.W.3d 237, 239 (Mo. App.2010). We presume the motion court's findings and conclusions of law are correct. *Tabor v. State*, 161 S.W.3d 862, 865 (Mo.App.2005). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, this court is left with the definite

2. Section 217.460 states:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a con-tinuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

and firm impression that a mistake has been made. *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007).

## Analysis

In his sole point on appeal, Green argues that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief in violation of his constitutional rights, because the court lacked jurisdiction to enter the guilty plea in the underlying criminal action under sections 217.450–217.485 ("UMDDL"). Green argues that a *de facto* detainer arose because the DOC had notice of a warrant on file. He claims he was prejudiced because the DOC altered the terms of his incarceration by denying him work release and placing him in administrative segregation.

The UMDDL provides for the prompt disposition of detainers based on untried charges pending against a prisoner held within the state's correctional system.

In this case, we must first determine whether Greene properly complied with the procedural requirements of section 217.450,[3] which provides:

1. Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. *The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.*

2. The director shall promptly inform each offender in writing of the source and nature of any untried indictment, information or complaint for which a detainer has been lodged against him of which the director has knowledge, and of his right to make a request for final disposition of such indictment, information or complaint on which the detainer is based.

3. Failure of the director to inform an offender, as required by this section, within one year after a detainer has been filed at the facility shall entitle him to a final dismissal of the indictment, information, or complaint with prejudice.

(Emphasis added.)

■ In order to receive the benefit and protection of the UMDDL, a defendant must show a good faith effort to invoke the UMDDL and must substantially comply with the procedural requirements. *Dillard v. State*, 931 S.W.2d 157, 164–65 (Mo. App.1996); *State v. Parker*, 890 S.W.2d 312, 317–18 (Mo.App.1994). "A fundamental procedural requirement of Section 217.450 is a written demand for speedy disposition addressed to the court and prosecuting attorney where the charges are pending." *Dillard*, 931 S.W.2d at 164–65.

■ The 180–day time limit begins to run only when both the prosecuting attorney and the circuit court receive a defendant's request for disposition of pending charges. Section 217.460. The defendant bears the burden to prove that requests under the UMDDL were submitted and received by both the circuit court and prosecuting attorney. *Tabor*, 161 S.W.3d at 867.

---

3. This version of section 217.450, RSMo, was in effect when Greene pleaded guilty to the second-degree burglary charges in 2006. Although the statute was amended in 2009, it does not affect the outcome of this case.

At the evidentiary hearing in this case, four officials from the DOC testified regarding Greene's allegations. The record shows that Polley Henley, an assistant in the records office at the DOC, acknowledged that she had received the following written request from Greene regarding a 180–day writ in September 2005:

"180 Day Writ Request"

ATTN: Records personnel

I, Terry A. Greene # 3337750, have a warrant in Holt Co. Missouri for 2nd Degree Burglar (sic) and need to file a 180 day writ on said case. The warrant # is 009218373. Please advise me of next step.

Henley indicated that she returned Greene's September 2005 letter with a notation that the 180–day time limit did not apply because he had "no detainer on file." There was no indication in the letter that the DOC would be forwarding a request to the prosecuting attorney or the Circuit Court of Holt County. The record shows that on December 13, 2005, Henley sent notification to Greene that there was a warrant, but not a detainer, from Holt County. No further action was taken until appointed counsel filed a request for speedy disposition on December 19, 2005.

In its findings of fact and conclusions of law, the trial court found that Greene had pleaded guilty to second-degree burglary, a class C felony, and he was sentenced to three years in prison. The court further found that Greene had discussed the effects of pleading guilty at the plea hearing and that he understood the effect his guilty plea would have on his motion to dismiss pursuant to the UMDDL.

The court found that Greene had sent a letter to the records office at the DOC requesting disposition of the pending charges in Holt County. The records office promptly notified Greene that he could not file a request for a 180–day writ because he did not have a detainer lodged against him. The court concluded that the UMDDL did not apply because no detainer was lodged against Greene. The existence of a warrant did not constitute proper notification to the prosecutor or circuit court. A trial date was set for June 9, 2006. Greene pleaded guilty on that date.

■ Greene claims that the 180–day time limit was triggered when he submitted his letter requesting resolution of the pending burglary charges to the records office at the DOC in September 2005. Greene claims that the DOC's knowledge of his warrant in Holt County discovered during a routine warrants check [4] was sufficient notice (coupled with the alleged prejudice sustained by his classification while incarcerated and denial of work release) to constitute a *de facto* detainer. We disagree.

We note at the outset that although Green claims that his September 2005 letter to the DOC notifying them of the pending burglary charges was sufficient to trigger the UMDDL, he acknowledges that he did not send a written request for speedy disposition of the pending charges to either the Circuit Court of Holt County or the prosecuting attorney. The record shows that no further action was taken until appointed counsel properly filed a request for speedy disposition on December 19, 2005.

In support of his argument that his letter to the DOC constituted a proper request for speedy disposition of a detainer,

---

4. Section 221.510 provides that law enforcement and DOC officials shall conduct prisoner warrant checks for outstanding misdemeanor and felony charges through the Missouri Uniform Law Enforcement System ("MULES").

he cites *Carson v. State,* 997 S.W.2d 92 (Mo.App.1999), and *State ex rel. Clark v. Long,* 870 S.W.2d 932 (Mo.App.1994). In *Carson,* the court held that a letter sent by a sheriff asking to be notified prior to the defendant's release date constituted a detainer. In that case, the court noted that the United States Supreme Court has defined a detainer as "'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent.'" 997 S.W.2d at 97 (*quoting Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)). In *Carson,* a copy of the warrant officer's request was properly sent to the both the circuit court as well as the prosecutor's office sufficiently notifying them that a charge was pending against the defendant. The appellate court determined that the letter from the warrant officer of the county sheriff's department qualified as a detainer. *Id.*

The *Long* case does not apply here because it was decided under an older version of section 217.450, which did not expressly require the filing of a detainer. In 1995, the year after *Long* was decided, the General Assembly amended the law to expressly require a detainer under section 217.450. The addition of the detainer language clearly indicates the General Assembly's intention at that time of requiring more than mere knowledge by the DOC of outstanding warrants to trigger the UMDDL. We also note that in *Long,* the defendant properly sent a request regarding the pending charges to both the circuit court and the prosecuting attorney in the case. 870 S.W.2d at 935. As such, we find that the mere knowledge by the DOC of pending charges against Greene was insufficient to trigger the UMDDL. Notice of the warrant, by itself, did not constitute a detainer.

■ Greene also claims the DOC had a duty to certify and send his request to the Holt County prosecutor under section 217.455.[5] In support, Greene cites *State v. Laramore,* 965 S.W.2d 847 (Mo.App.1998). *Laramore* is distinguished on its facts. In that case, the record indicated that a detainer had been lodged against the defendant. *Id.* at 849. Further, the record reflected that the defendant had fully complied with the procedural requirements of section 217.450.1 by filing a request for disposition and properly addressing his request to the circuit court and the prosecuting attorney. *Id.*

■ In this case, Greene merely sent a letter to the DOC requesting advice on how to initiate the 180–day time limit. The DOC returned his letter and notified him that there was no detainer lodged against him. A claim of substantial compliance requires, at minimum, that the defendant submit a request addressed to the circuit court and the prosecuting attorney. *Dillard,* 931 S.W.2d at 164–65. The 180–day time period does not begin to run until both the prosecuting attorney and the circuit court receive a defendant's request for

---

**5.** Section 217.455 states:

The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

disposition. *State v. Williams*, 120 S.W.3d 294, 298 (Mo.App.2003). The burden of proving whether the prosecuting attorney receives the request is on the defendant. *Id.*

At the time Greene sent his September 2005 request to the DOC, there was no detainer lodged against him. Nothing in the record indicates that a detainer had been filed from either the Holt County prosecutor or the sheriff's office. There was no evidence presented that law enforcement agencies in Holt County communicated to the DOC requesting that Greene be held for the pending charges. By failing to provide a written request for disposition properly addressed to the circuit court and the prosecuting attorney, he did not substantially comply with the UMDDL. Therefore, we find there was no duty by the DOC to process his request.[6]

■ Because there was no *de facto* detainer arising merely from the existence of the warrant, Greene's 2005 letter did not constitute a proper request for speedy disposition under the UMDDL. The record clearly shows that appointed counsel filed a request for speedy disposition on December 19, 2005. The December request did trigger the UMDDL. The trial date was set for June 9, 2006, and Greene pleaded guilty on that date, which was within 180 days of the properly filed request.

■ In any event, we note there is another reason to affirm the motion court's ruling. This court may affirm the judgment on any legal ground supported by the record if the motion court arrived at the correct result. *See Charron v. State*, 257 S.W.3d 147, 151 (Mo.App.2008). Interestingly, the issue of waiver by guilty plea

is acknowledged by Greene in his brief. The State, however, makes no mention of this issue. Greene contends that any argument by the State that he waived his right to claim the motion court lacked jurisdiction by pleading guilty cannot be raised on appeal because this issue was not timely asserted. However, Greene addresses a recent Missouri Supreme Court case that sheds much light on the issue of jurisdiction.

In his brief, Greene relies on two cases which address the issue of jurisdiction. He cites *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), and *Schmidt v. State*, 292 S.W.3d 574 (Mo.App. 2009). These cases address the issue of whether the trial court's alleged error in accepting a defendant's guilty plea constitutes a "jurisdictional" defect. Greene claims the "jurisdictional" language of the UMDDL rendering compliance with the statute is not subject to waiver. He argues that he did not waive his right to the 180–day time limit under the UMDDL by pleading guilty because this right is "jurisdictional."

■ "The general rule in Missouri is that a guilty plea voluntarily and understandably waives all nonjurisdictional defects, including statutory and constitutional guaranties." *Feldhaus v. State*, 311 S.W.3d 802, 804 (Mo. banc 2010). In *Webb*, the court defined subject matter jurisdiction as "the court's authority to render a judgment in a particular category of cases." 275 S.W.3d at 253. The Missouri Constitution grants circuit courts subject matter jurisdiction over criminal cases. *Id.*

In *Schmidt*, 292 S.W.3d 574, the defendant had been charged with the class C

---

6. In her deposition, DOC records employee Polley Henley indicated that the rules have since changed regarding requests on pending

charges so that now the DOC can process 180–writ requests by offenders to have untried warrant charges resolved.

felony of second-degree burglary and the class B felony of stealing. The burglary charge was later dismissed. The issue on appeal was whether the plea court lacked subject matter jurisdiction to accept the defendant's guilty plea after the expiration of the 180–day time limit established by the UMDDL. *Id.* at 575. In that case, the Southern District found that the Missouri Constitution grants circuit courts "'original jurisdiction over all cases and matters, civil and criminal.'" *Id.* at 576 (*quoting* Mo. Const. art. V, sec. 14). Because the Constitution grants the circuit courts subject matter jurisdiction over criminal cases, the court held that "the plea court unquestionably had subject matter jurisdiction to accept Schmidt's guilty plea." *Id.* (*citing Webb,* 275 S.W.3d at 253).

The court in *Schmidt* addressed the issue of whether section 217.460 deprived a court of "jurisdiction" if the statutory requirements of the UMDDL are not followed. The court noted that prior to *Webb,* several appellate decisions had described such noncompliance as "jurisdictional" defects. *Schmidt,* 292 S.W.3d at 576 n. 2. We note that the cases cited in footnote 2 of the *Schmidt* case are several of the same cases relied upon by Greene in this case.[7] The Southern District pointed out that these prior appellate decisions are no longer valid in light of *Webb. Id.* at 577.

■ "When a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that the court may grant." *Webb,* 275 S.W.3d at 255. "A circuit court's error in granting relief prohibited by statute is not jurisdictional in nature." *Schmidt,* 292 S.W.3d at 577 (*cit-*

*ing Webb,* 275 S.W.3d at 254). Therefore, any alleged noncompliance with the statutory language under the UMDDL is reviewed for legal error only. *Id.* As such, a trial court's error in failing to follow a statute is not a jurisdictional defect. *Id.* (*citing State v. Parkinson,* 280 S.W.3d 70, 75 (Mo. banc 2009)). In affirming the circuit court's judgment, the court in *Schmidt* held that the "plea court had jurisdiction to accept [the defendant's] guilty plea, and the motion court did not clearly err in denying [his] Rule 24.035 motion for post-conviction relief." *Id.*

The Eastern District recently addressed the same issue in *Davis v. State,* 320 S.W.3d 237 (Mo.App.2010). In *Davis,* the defendant argued that the trial court lacked subject matter jurisdiction to accept his guilty plea because he was not brought to trial within 180 days pursuant to the UMDDL. The Eastern District found that in light of *Webb* and *Schmidt,* the trial court had jurisdiction to accept the defendant's guilty plea. The court concluded that the defendant waived any complaint that the trial court erred in failing to dismiss his criminal case based on alleged noncompliance with the UMDDL. *Id.* at 240. Therefore, the court held that the motion court did not clearly err in denying the defendant's Rule 24.035 motion for post-conviction relief. *Id.*

■ In light of *Webb, Schmidt,* and *Davis,* we find that the "jurisdictional" language of the UMDDL operates as a statutory bar to relief, and any alleged noncompliance with the statute is reviewed for legal error only. The pre-*Webb* cases relied upon by Greene regarding the issue of jurisdictional error are no longer applicable. Therefore, we conclude that when Greene entered his guilty plea, he waived

---

7. *See, e.g., State v. Teague,* 175 S.W.3d 167 (Mo.App.2005); *Tabor v. State,* 161 S.W.3d 862 (Mo.App.2005); *State v. Sederburg,* 25 S.W.3d 172 (Mo.App.2000); *Carson v. State,* 997 S.W.2d 92 (Mo.App.1999); *O'Neal v. State,* 925 S.W.2d 480 (Mo.App.1996).

any complaint that the trial court erred because it lacked authority on the basis of noncompliance with the UMDDL.

In view of our finding that there was no detainer lodged against Greene and that the trial court had authority to accept his guilty plea, we do not find it necessary to address his claim that he was prejudiced based on a change in his custody level and other aspects of his incarceration.

### Conclusion

For the foregoing reasons, we conclude that the trial court had jurisdiction to accept Greene's guilty plea. Greene waived non-jurisdictional claims by his guilty plea and was not entitled to collaterally attack his guilty plea conviction by post-conviction motion. The motion court did not clearly err in denying Greene's Rule 24.035 motion for post-conviction relief. Accordingly, we affirm the judgment.

All concur.