

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DELAUNTE BOZEMAN, | ) | No. ED109783 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael K. Mullen |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 2, 2022 |

### Introduction

Delaunte Bozeman ("Movant") appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[1] In his sole point relied on, Movant contends the motion court clearly erred because his defense counsel ("Counsel") failed to call an expert witness at sentencing to provide mitigation evidence regarding his juvenile status and background, and that, but for Counsel's deficient performance, he would have received a lesser sentence. We affirm.

### Factual and Procedural Background

In January 2012, sixteen-year-old Movant shot at two men, striking one multiple times. A jury found him guilty of two counts of assault in the first degree and two counts of armed criminal

---

[1] All Rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

action. Movant waived jury sentencing, and Counsel asked the trial court to impose a fifteen-year sentence, arguing:

> When this happened Mr. Bozeman was a juvenile, and I believe he had one tampering or tampering 2nd or something while he was in the juvenile system. But this was his very first charge in the adult system. The pretrial rec as I remember it was 15 years, and that's what we would be requesting as sentencing, all counts to run concurrent for a total of 15.

The prosecution asked for a twenty-year sentence due to his criminal history, which the trial court imposed. This Court affirmed Movant's conviction on direct appeal.

In September 2015, Movant timely filed his *pro se* Rule 29.15 motion seeking post-conviction relief. The record is unclear whether Movant timely filed his amended motion, but the motion court found it timely filed, Movant asserts it was timely filed, and the State does not dispute this issue. His amended motion alleged Counsel was constitutionally ineffective for failing to present expert testimony on juvenile brain development during mitigation at his sentencing hearing. Movant contended Counsel should have called Dr. A.E. Daniel, or a similarly-situated expert, to testify about his mental capabilities as a juvenile and juvenile studies of brain development, particularly given the Supreme Court's ruling in *Miller v. Alabama,* 567 U.S. 460 (2012).

In *Miller,* the Supreme Court held sentencing juveniles to mandatory life imprisonment without the possibility of parole ("LWOP") violated the Eighth Amendment. *Id.* at 489. *Miller* established children are constitutionally different from adults for sentencing purposes and are less deserving of the most severe punishments because of their diminished capacity and great prospects of reform. *Id.* at 471. The Supreme Court ruled courts must consider certain factors related to a defendant's juvenile status, such as failure to appreciate risks, home environment, outside

pressures, and potential rehabilitation, when determining whether to sentence a juvenile to LWOP.[2] *Id.* at 477.

At the evidentiary hearing, Counsel testified she was aware of the *Miller* factors and she did not see a need for an expert witness because the Sentencing Assessment Report ("SAR") recommended a fifteen-year sentence, which is what she had hoped for. Counsel explained she thought it was better to keep witnesses off the stand to avoid cross-examination, especially at a sentencing hearing. She also testified she had discussed *Miller* with the prosecution and trial court judge in chambers, so she believed the court understood the case. Counsel recognized the judge would not necessarily have been aware of how the *Miller* factors applied to Movant specifically.

Dr. Daniel, a forensic psychiatrist, testified he evaluated Movant to determine the presence of any mitigating factors and wrote a report. He explained the report describes Movant's upbringing and how he had not received parental guidance growing up as his father was incarcerated and his mother struggled with substance abuse. Dr. Daniel stated Movant was "unable to think sequentially and critically of the consequences of his action by virtue of his age and by virtue of the environment he grew up." He diagnosed Movant with poly-substance abuse in sustained remission, a depressive disorder, unspecified, and a learning disorder.

The motion court denied Movant's request for post-conviction relief, ruling he failed to show Counsel was ineffective for failing to present evidence of the *Miller* factors in a non-LWOP case.[3] It cited to the Missouri Supreme Court's ruling in *State v. Barnett,* 598 S.W.3d 127, 133

---

[2] Movant identifies the *Miller* factors as: (1) the juvenile's chronological age and related immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the juvenile's family and home environment that surrounds him; (3) the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him; (4) the incompetencies associated with youth in dealing with law enforcement and a criminal justice system designed for adults; and (5) the possibility of rehabilitation.

[3] Movant also alleged Counsel was ineffective for failing to consider calling character witness at sentencing. Counsel testified she opted to have his family members write letters to the court rather than subjecting them to cross-examination. The motion court denied Movant's claim, reasoning that there was not a reasonable possibility Movant

3

(Mo. banc 2020), which construed *Miller* to require courts to consider age-related factors only when imposing LWOP sentences on juveniles. This appeal follows.

## Standard of Review

We review the denial of a Rule 29.15 motion to determine whether the motion court's judgment is clearly erroneous. Rule 29.15(k). The motion's court judgment is clearly erroneous only if we are left with the definite and firm impression that a mistake has been made. *Mullins v. State,* 262 S.W.3d 682, 684 (Mo. App. E.D. 2008). This Court may affirm the judgment on any legal ground supported by the record if the motion court arrived at the correct result. *Greene v. State,* 332 S.W.3d 239, 246 (Mo. App. W.D. 2010). The motion court's judgment is presumed correct. *Johnson v. State,* 388 S.W.3d 159, 163 (Mo. banc 2012).

To prevail on a claim of ineffective assistance of counsel, the movant bears the burden of establishing (1) his defense counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by that failure. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *McIntosh v. State,* 413 S.W.3d 320, 324 (Mo. banc 2013). The movant must satisfy *Strickland*'s performance prong and prejudice prong by a preponderance of the evidence. *Anderson v. State,* 564 S.W.3d 592, 600 (Mo. banc 2018).

## Discussion

In his sole point, Movant argues the motion court clearly erred by denying his motion for post-conviction relief because Counsel was ineffective for failing to call an expert to provide testimony at sentencing on juvenile brain development, the *Miller* factors, and how this evidence applies to his case. He contends Counsel offered no reasonable strategy for why this mitigation

---

would have received a lesser sentence if Counsel had these witnesses take the stand. Movant did not appeal this matter to this Court.

evidence was not presented and that, but for Counsel's deficient performance, there is a reasonable probability he would have received a lesser sentence. Movant also alleges the motion court clearly erred by basing its denial on the fact expert testimony was not required as he was not sentenced to LWOP, which is an argument Movant claims he never made. In response, the State asserts the motion court did not clearly err by denying Movant's request for post-conviction relief because Counsel's failure to present expert testimony was a matter of reasonable trial strategy that did not result in prejudice, and Movant failed to prove otherwise.

I.        *Strickland*'s Performance Prong

A movant must overcome the strong presumption that his counsel's conduct was reasonable and effective. *Johnson v. State,* 406 S.W.3d 892, 899 (Mo. banc 2013). Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable, but decisions made after counsel has investigated and considered possible strategies are virtually unchallengeable. *Id.; Vaca v. State,* 314 S.W.3d 331, 337 (Mo. banc 2010). Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance of counsel. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006). The selection of expert witnesses is generally a question of trial strategy. *Shockley v. State,* 579 S.W.3d 881, 906 (Mo. banc 2019). To prevail on an ineffective assistance of counsel claim for failure to call a witness, a movant must show (1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Hosier v. State*, 593 S.W.3d 75, 88 (Mo. banc 2019).

Assuming, without deciding, counsel can be ineffective for failing to present expert evidence on the *Miller* factors at sentencing for non-LWOP crimes, Movant has failed to prove

5

Counsel was ineffective here. Movant relies heavily on *Vaca.* There, a defendant successfully argued his trial counsel was ineffective for *failing to consider* calling an expert at sentencing to present mitigation evidence related to his mental health issues. *Vaca,* 314 S.W.3d at 337 (emphasis added). The jury sent multiple questions during guilt-phase deliberations regarding the defendant's mental health, but no expert testimony on his mental health was presented to the jury at sentencing. *Id.* at 333-34. Defendant's counsel later admitted he did not consider calling an expert and had no strategic reason for failing to do so. *Id.* at 334. The Missouri Supreme Court held counsel's failure to consider calling an expert witness to testify about the defendant's mental health issues was ineffective assistance, reasoning counsel had not investigated possible strategies and should have known this issue mattered to this jury. *Id.* at 336.

The present case is distinguishable from *Vaca.* Here, Counsel clearly did *consider* expert testimony and chose not to present any. When asked why she failed to call an expert witness, Counsel stated she believed it was unnecessary given her knowledge of the sentencing court's familiarity with the *Miller* factors and the fifteen-year SAR recommendation. She also testified she found it better to avoid calling witnesses to the stand and subjecting them to cross-examination during sentencing. Because the record reflects Counsel's consideration of whether to present expert testimony, *Vaca* is unhelpful to Movant's argument.

The selection of an expert witness is a matter of trial strategy, so Counsel's decision not to present expert testimony on the *Miller* factors after considering this option is virtually unchallengeable. *See Shockley,* 579 S.W.3d at 906. Additionally, Counsel addressed Movant's juvenile status at his sentencing hearing, albeit briefly. Because of these circumstances, we cannot say Counsel failed to act as a reasonably competent attorney when she made the strategic decision not to call an expert whose testimony, in her professional opinion, was unnecessary. Accordingly,

6

Movant fails to satisfy *Strickland*'s performance prong, and the motion court did not clearly err by denying him post-conviction relief.

II.     *Strickland*'s Prejudice Prong

Prejudice occurs at sentencing when there is a reasonable probability that, but for counsel's deficient performance, the movant would have received a lesser sentence. *Duncan v. State,* 539 S.W.3d 95, 108 (Mo. App. W.D. 2018). Given the indeterminate nature of sentencing, prejudice based on a claim that ineffective assistance of counsel affected sentencing is nearly impossible to establish, especially when the motion court and sentencing court are the same; *Cherco v. State,* 309 S.W.3d 819, 831 (Mo. App. W.D. 2010). Special deference is given when the motion court judge and sentencing judge are the same. *Dowell v. State,* 615 S.W.3d 123, 127 (Mo. App. W.D. 2021).

Here, the motion court judge and the sentencing court judge are the same. The motion court heard Counsel's and Dr. Daniel's testimonies and concluded prejudice had not occurred, reasoning expert testimony on the *Miller* factors was irrelevant because Movant was not sentenced to LWOP. Though the motion court misinterpreted his argument, Movant set forth no facts establishing the sentencing court would have considered Dr. Daniel's testimony had it been presented, particularly given *Miller* factor evidence was not required and the court was already knowledgeable on the subject. Because of the high level of deference afforded to the motion court's judgment, the indeterminate nature of sentencing, and the lack of evidence showing a reasonable probability that the sentencing court would have considered the expert testimony and returned a lesser sentence, Movant fails to satisfy *Strickland*'s prejudice prong by a preponderance of the evidence.

Despite the motion court's misinterpretation, we are not left with the definite and firm impression a mistake was made as the record shows Movant also failed to satisfy *Strickland*'s performance prong, and we can affirm the judgment for any reason supported by the record. *See Polk v. State,* 539 S.W.3d 808, 819 (Mo. App. W.D. 2017). The motion court did not clearly err by denying Movant's request for post-conviction relief.

Point denied.

## Conclusion

For the reasons stated above, the judgment of the motion court is affirmed.

_____
Philip M. Hess, Presiding Judge

Angela T. Quigless, J. and
Colleen Dolan, J. concur.

8